562 N.W.2d 355 (1997)
252 Neb. 347
Kevin ESSMAN, Appellant,
v.
NEBRASKA LAW ENFORCEMENT TRAINING CENTER et al., Appellees.
No. S-95-850.
Supreme Court of Nebraska.
April 24, 1997.
*356 Derek L. Mitchell, Gothenburg, for appellant.
Don Stenberg, Attorney General, and Timothy J. Texel, Lincoln, for appellees.
WHITE, C.J., and CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.
STEPHAN, Justice.
Kevin Essman filed a petition in the district court for Hall County pursuant to Neb. Rev.Stat. § 84-917 (Reissue 1994) of the Administrative Procedure Act, seeking judicial review of a final order by the Nebraska Commission on Law Enforcement and Criminal Justice (Commission) denying Essman's application for admission to the Nebraska *357 Law Enforcement Training Center (Training Center). The district court dismissed Essman's petition, finding that the court lacked jurisdiction because the petition was not filed in compliance with § 84-917(2)(a). Essman perfected an appeal to the Nebraska Court of Appeals. Pursuant to our authority to regulate the caseloads of the Court of Appeals and this court, we removed this case to our docket. We reverse, and remand for further proceedings, based upon our determination that the district court for Hall County has jurisdiction to hear Essman's petition for review.

ASSIGNMENT OF ERROR
Restated, Essman contends that the district court erred in finding that it did not have jurisdiction to review the final order of the Commission denying Essman's application to the Training Center.

STANDARD OF REVIEW
When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decision made by the lower court. In re Interest of Joshua M. et al., 251 Neb. 614, 558 N.W.2d 548 (1997); Tess v. Lawyers Title Ins. Corp., 251 Neb. 501, 557 N.W.2d 696 (1997); Becker v. Nebraska Acct. & Disclosure Comm., 249 Neb. 28, 541 N.W.2d 36 (1995).

FACTS
Essman alleged the following jurisdictional facts in his petition for review filed in the district court: After his 1994 election to the office of sheriff of Thomas County, Nebraska, Essman submitted an application to attend the "Sheriff's Certification Course" at the Training Center, as required by Neb. Rev.Stat. § 23-1701.01 (Cum.Supp.1996). On February 22, 1995, the application was denied by the director of the Training Center because of alleged violations of regulations governing admission criteria. Essman appealed the director's decision to the Nebraska Police Standards Advisory Council (Advisory Council), which is a standing committee of the Commission with statutory responsibility for overseeing the operation of the Training Center. See Neb.Rev.Stat. § 81-1406 (Reissue 1994). On March 15, the Advisory Council conducted a contested evidentiary hearing in Grand Island, Hall County, Nebraska, and affirmed the director's decision denying Essman admission to the Training Center. Essman appealed the Advisory Council's decision to the Commission. On May 5, the Commission held a hearing in Lincoln and voted to affirm the decision of the Advisory Council.
On June 5, 1995, Essman filed a petition in the district court for Hall County, seeking judicial review of the Commission's final order pursuant to § 84-917(2)(a), naming the Training Center, the Advisory Counsel, and the Commission as appellees. These parties responded by filing a special appearance "objecting to the jurisdiction of the Court over the persons of the Appellees." As specific grounds for this objection, appellees alleged that "service of summons was not accomplished upon the purported Appellees as required by Neb.Rev.Stat. § 25-510.02 (1989) and § 84-917(2)(a) (1994), and that Appellant filed his Petition in an improper jurisdiction to hear this appeal." On July 28, the district court sustained the special appearance and dismissed Essman's petition "for lack of jurisdiction." Citing the requirement of § 84-917(2)(a) that a petition seeking judicial review of a final order by an administrative agency must be filed "`in the district court of the county where the action is taken,'" the district court found that because the final order of the Commission was entered in Lancaster County, "[a]ny appeals from that decision should be to the district court of Lancaster County, Nebraska." The district court did not address the alleged insufficiency of service of summons asserted as an alternative basis for the special appearance.

ANALYSIS
Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought "in the mode and manner and within the time provided by statute." McCorison v. City of Lincoln, 218 Neb. 827, 828, 359 N.W.2d 775, *358 776 (1984). See, also, Nebraska Dept. of Correctional Servs. v. Carroll, 222 Neb. 307, 383 N.W.2d 740 (1986).
The jurisdictional requirements for obtaining judicial review of a final administrative decision under the Administrative Procedure Act are set forth in § 84-917(2)(a), which provides in pertinent part:
Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency.... Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action.
We have held that the filing of the petition and the service of summons pursuant to this section of the Administrative Procedure Act are the two actions necessary to establish the jurisdiction of the district court to review the final decision of an administrative agency. See James v. Harvey, 246 Neb. 329, 518 N.W.2d 150 (1994).
Although appellees challenged the sufficiency of service of summons in their special appearance, this issue was not addressed by the district court and was neither briefed nor argued on appeal. Our review of the record indicates that summons were issued and served upon each appellee and the office of the Attorney General within 30 days after the petition was filed in compliance with Neb. Rev.Stat. § 25-510.02 (Reissue 1995) and § 84-917(2)(a). The district court therefore had personal jurisdiction over appellees. See Twiss v. Trautwein, 247 Neb. 535, 529 N.W.2d 24 (1995).
The filing of the petition for review is governed by § 84-917(2)(a), which requires that proceedings for judicial review of the final order of an administrative agency in a contested case "shall be instituted by filing a petition in the district court of the county where the action is taken . . . ." (Emphasis supplied.) The district court held that because the final order of the Commission was issued at a hearing in Lincoln, the challenged administrative action was taken in Lancaster County and only the district court for Lancaster County had jurisdiction to review that action. We addressed this precise issue in Metro Renovation v. State, 249 Neb. 337, 543 N.W.2d 715 (1996), decided during the pendency of this appeal. In that case, we held that the phrase "county where the action is taken" as used in § 84-917(2)(a) is defined as "the site of the first adjudicated hearing of a disputed claim." 249 Neb. at 341, 543 N.W.2d at 719. See, also, Bd. of Ed. of Keya Paha County v. State Board of Education, 212 Neb. 448, 323 N.W.2d 89 (1982). In this case, Essman alleged in his petition that the first adjudicated hearing was held before the Advisory Council in Hall County, Nebraska, on March 15, 1995. Therefore, under Metro Renovation, the petition for review was properly filed in the district court for Hall County, and that court has jurisdiction over the subject matter of this action.
While not disputing the applicability of Metro Renovation or the fact that the first adjudicated hearing in this case was held in Hall County, appellees urge us to create an exception to the rule applied in Metro Renovation by holding that where the agency conducts a subsequent hearing and has the power to receive additional evidence before issuing its final order, the site of the last hearing should be "the county where the action is taken" for purposes of § 84-917(2)(a). We decline to do so. Our construction of the statute in Metro Renovation provides a party with a clear statement of where to file a petition seeking judicial review of an administrative action. We see no reason to complicate compliance with the rule by grafting unnecessary exceptions upon it. We, therefore, reverse the judgment of dismissal entered by the district court for Hall County and remand the cause to that court for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.