KADE M. GRACEY, APPELLANT, V. FRED E. ZWONECHEK,
INTERIM DIRECTOR OF THE NEBRASKA DEPARTMENT
OF MOTOR VEHICLES, APPELLEE.
LARRY L. JANSSEN, APPELLANT, V. BEVERLY NETH,
DIRECTOR OF THE NEBRASKA DEPARTMENT
OF MOTOR VEHICLES, APPELLEE.
KIMBERLY D. STETSON, APPELLANT, V. EDWARD D. WIMES,
DIRECTOR OF THE NEBRASKA DEPARTMENT
OF MOTOR VEHICLES, APPELLEE.
643 N.W.2d 381

Filed May 3, 2002.   Nos. S-00-149, S-00-285, S-00-286.

David E. Veath for appellants.

Don Stenberg, Attorney General, Hobert B. Rupe, Jodi M. Fenner, and, on brief, Kyle C. Dahl for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

In these consolidated cases, Kade M. Gracey, Larry L. Janssen, and Kimberly D. Stetson (collectively the appellants) appeal from the district courts' orders affirming the decisions and orders of revocation entered by the director of the Nebraska Department of Motor Vehicles (the Department) following administrative license revocation hearings. Because the appellants' respective administrative license revocation hearings were not held in the counties in which the appellants were arrested, as required by Neb. Rev. Stat. § 60-6,205(6)(a) (Reissue 1998), we reverse, and remand with directions.

## BACKGROUND

Each of the three cases share common facts as they relate to the issues raised on appeal. The appellants, in separate and unrelated incidents, were contacted by law enforcement officers who detected the smell of alcohol on or about the appellants. Field sobriety tests were administered, and the appellants failed to satisfactorily complete the tests. Two of the appellants also subsequently failed preliminary breath tests.

The appellants were arrested pursuant to Neb. Rev. Stat. § 60-6,197 (Reissue 1998 & Supp. 1999). Gracey was arrested in Dawes County, while Janssen and Stetson were each arrested in Sheridan County. Upon being arrested, each appellant was read a postarrest chemical test advisement form. This document informed the appellants that they were required to submit to a chemical test of their blood, breath, or urine and that "[r]efusal to submit to such test or tests is a separate crime for which you may be charged." The appellants agreed to submit to chemical testing. The chemical test results indicated the presence of alcohol in excess of the legal limit.

The appellants subsequently petitioned for hearings before the director of the Department to contest the revocation of their driver's licenses. Gracey's hearing was held via videoconference, with the hearing officer located in Lancaster County and all other participants located in Dawes County. Janssen's hearing utilized teleconference hearing procedures, with the hearing officer located in Lancaster County, Janssen's attorney located

in Dawes County, and the arresting officer located in Sheridan County. Stetson's hearing also used teleconference hearing procedures, with the hearing officer located in Lancaster County, Stetson and her attorney located in Dawes County, and the arresting officer located in Sheridan County.

At each hearing, the appellants objected to the venue of the hearing, as discussed in further detail below. Following the hearings, the appellants' driver's licenses were revoked by the director after finding, inter alia, that the appellants' venue objections were without merit. The appellants timely appealed their revocations to the district courts for the counties in which the arrests occurred. The district courts affirmed the director's decisions, and these appeals followed.

## ASSIGNMENTS OF ERROR

Three assignments of error are common to the appellants. The appellants assign, restated, that the district courts erred in (1) finding that the license revocation hearings were held in accordance with § 60-6,205(6)(a); (2) finding that the Department's "Notice/Sworn Report/Temporary License" forms were supported by sufficient foundation and were properly received into evidence; and (3) finding that the postarrest chemical test advisement forms provided sufficient notice of the consequences of failing the chemical test.

Janssen and Stetson each additionally assign that the district court erred in finding that their license revocation hearings were held in accordance with Neb. Rev. Stat. § 84-913.03 (Reissue 1999).

Finally, Janssen raises one assignment of error unique to his case. He assigns that the district court erred in finding that his arrest was supported by probable cause.

Because the appellants' first assignment of error is dispositive, we do not address the remaining assignments of error.

## STANDARD OF REVIEW

A final order entered by a district court in a judicial review pursuant to the Administrative Procedure Act (APA) may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Father Flanagan's Boys' Home v. Agnew*, 256 Neb. 394, 590 N.W.2d 688 (1999). When reviewing

an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

Interpretation of statutes presents a question of law, and an appellate court is obligated to reach an independent conclusion, irrespective of the decision made by the court below, with deference to the agency's interpretation of its own regulations, unless plainly erroneous or inconsistent. *Vinci v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 423, 571 N.W.2d 53 (1997).

## ANALYSIS

The appellants argue that their license revocation hearings were not held in accordance with § 60-6,205(6)(a). This statute provides that administrative license revocation hearings "shall be conducted in the county in which the arrest occurred or in any other county agreed to by the parties." During each of the appellants' license revocation hearings, the hearing officer was located in Lancaster County.

The argument made by the appellants has been raised before this court on several prior occasions; however, we have not yet had the opportunity to address it. In *Muir v. Nebraska Dept. of Motor Vehicles*, 260 Neb. 450, 618 N.W.2d 444 (2000), we held that § 60-6,205(6)(a) is a venue statute and that generalized objections to the method by which the hearing was being conducted were not proper objections to venue. See, also, *Davis v. Wimes, ante* p. 504, 641 N.W.2d 37 (2002); *Reiter v. Wimes, ante* p. 277, 640 N.W.2d 19 (2002). In both *Davis* and *Reiter*, we did not reach the substantive merits of the defendants' arguments because the defendants failed to properly object to the venue of their hearings and because their subsequent participation in the hearings acted as a waiver of any objection they may have had. The consolidated cases currently before us suffer from no such defect.

At Gracey's hearing, his attorney objected to "the conduct of this hearing with regard to the in-county requirement." He later stated:

> [T]he statute 60-6,205(6)(a) . . . requires that the director — the director's hearing "shall be conducted in the county

in which the arrest occurred". The county in which the arrest occurred is Dawes County. . . . [T]he hearing today, notwithstanding the videoconferencing, the hearing is held in Lancaster County and, therefore, not in the county of arrest which is mandated by statute.

Janssen's and Stetson's objections took similar forms, with each observing that § 60-6,205(6)(a) was the relevant statute and arguing that their hearings did not comply with the statute's requirement. We conclude that the objections made by the appellants were properly aimed at the venue of their hearings and were sufficient to preserve the alleged error for appeal.

The appellants contend that the presence of the hearing officers in Lancaster County violated § 60-6,205(6)(a) because none of the appellants were arrested in Lancaster County. This argument implies that the location of the hearing officer determines the situs of the hearing, regardless of where any other participants in the hearing are located. The Department argues that the hearing simultaneously occurs at each location of the participants.

■ In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Haber v. V & R Joint Venture, ante* p. 529, 641 N.W.2d 31 (2002). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *First Data Corp. v. State, ante* p. 344, 639 N.W.2d 898 (2002). The clear and unambiguous language of § 60-6,205(6)(a) requires that a license revocation hearing be held in the county in which the arrest occurred. Contrary to the Department's arguments, the statute does not allow the hearing to be held concurrently in two or more counties. Therefore, we hold that for purposes of § 60-6,205(6)(a), the hearing is held at the location of the hearing officer.

In *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 351, 562 N.W.2d 355, 358 (1997), we were required to interpret the phrase " 'county where the action is taken.' " *Essman* involved an APA appeal of the Nebraska Commission on Law Enforcement and Criminal Justice's action at its meeting in Lancaster County. At this meeting, the commission affirmed the Nebraska Police Standards Advisory Council's decision. The advisory council had previously reached its decision as a result of

an evidentiary hearing in Hall County. We held that "'county where the action is taken'" refers to the site (county) of the first adjudication hearing, rather than the county where the final order is issued. *Id.*

We note that the statute does allow for the parties to agree to hold the hearing in any other county. In that event, we see nothing in the statute which would bar the parties from conducting the hearing in any manner agreed upon, whether it be in person or by electronic means.

The Department argues that video or telephonic hearings are authorized by § 84-913.03 of the APA, which generally permits a hearing to be conducted by telephone, television, or other electronic means. As part of the APA, § 84-913.03 applies to the Department. We agree that § 84-913.03 allows license revocation hearings to be conducted by telephone, television, or other electronic means, and our holding does not prevent the Department from utilizing § 84-913.03. However, if the Department chooses to utilize § 84-913.03, it must still adhere to § 60-6,205(6)(a). That statute, in the absence of an agreement among the parties, requires that the hearing officer be located in the county in which the arrest occurred. Upon meeting that requirement, the Department is free to conduct the hearing via telephone, television, or other electronic means.

The Department also argues that if we determine the appellants' hearings did not take place in the county in which the arrests occurred, as we have above, then the district courts had no jurisdiction over the appeals by the appellants of their license revocations. The Department cites Neb. Rev. Stat. § 84-917(2)(a) (Reissue 1999), which states: "Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken . . . ." The Department claims that the "action" in the present cases are the license revocation hearings. As we have determined the hearings took place at the location of the hearing officers, i.e., Lancaster County, the Department argues that the appeals should have been brought in the district court for Lancaster County. This argument is easily disposed of by citation to Neb. Rev. Stat. § 60-6,208 (Reissue 1998), which allows an individual to appeal his or her license revocation to "the district court of the county where the alleged events

occurred for which he or she was arrested in accordance with the Administrative Procedure Act." The appellants filed appeals from their license revocations in the district courts for the counties in which they were arrested. Thus, the district courts clearly had jurisdiction over the appeals.

## CONCLUSION

The clear language of § 60-6,205(6)(a) requires that license revocation hearings be held in the county in which the arrest occurred, unless the parties agree otherwise. For purposes of § 60-6,205(6)(a), we conclude that the hearing is held wherever the hearing officer is located. The appellants' hearings were not held in accordance with the statute because the hearing officers were located in a county other than where the arrests occurred. Therefore, we reverse the decisions of the district courts and remand the causes with directions to remand the appellants' cases to the Department with directions to vacate the orders of revocation.

REVERSED AND REMANDED WITH DIRECTIONS.