RICHARD ZITTERKOPF AND DEBORAH ZITTERKOPF, APPELLANTS, V. JESSE MALDONADO ET AL., APPELLEES.

727 N.W.2d 696

Filed March 2, 2007. No. S-05-1230.

Brenda L. Bartels, of Douglas, Kelly, Ostdiek, Bartels & Neilan, P.C., for appellants.

James L. Zimmerman, of Zimmerman Law Firm, P.C., L.L.O., for appellees Jesse Maldonado and Ice Castles, Inc.

John F. Simmons, of Simmons Olsen Law Firm, P.C., for appellees Thomas Moffet and Heartland Bedding.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

NATURE OF CASE

Richard Zitterkopf and his wife, Deborah Zitterkopf, filed suit to recover damages allegedly stemming from an automobile accident. The district court dismissed the Zitterkopfs' case for exceeding the Supreme Court's progression standards. After their motion to vacate the order of dismissal was overruled, the Zitterkopfs filed a second case for the same cause of action against the same defendants under the savings clause statute, Neb. Rev. Stat. § 25-201.01 (Cum. Supp. 2006). The district court entered summary judgment in favor of the defendants in the Zitterkopfs'

second case on the ground that the savings clause did not allow that case to be filed outside the applicable statute of limitations. We affirm.

## BACKGROUND

On September 7, 2000, an automobile collision occurred between Richard, Jesse Maldonado, and Thomas Moffet. At the time of the collision, Maldonado was working for Ice Castles, Inc., and Moffet was working for Heartland Bedding. The Zitterkopfs claim that as a result of the accident, Richard suffered injuries which required medical treatment.

On September 5, 2003, the Zitterkopfs brought suit against Maldonado, Moffet, Ice Castles, and Heartland Bedding (collectively the appellees). On March 3, 2005, just shy of 18 months after the Zitterkopfs filed the action, the district court issued an order to show cause why the case should not be dismissed for exceeding the progression standards. A hearing was held on the order to show cause, and on March 18, the district court dismissed the case on the ground that the Zitterkopfs failed to show why the case was not brought to trial within the time specified by the progression standards. The Zitterkopfs moved the district court to vacate the order of dismissal, which the court declined to do on the ground that extraordinary eventualities had not been shown as required by the progression standards. By that time, the 4-year statute of limitations on the Zitterkopfs' claim had expired.

The Zitterkopfs did not appeal the dismissal of their case. Instead, they filed a new action under the savings clause statute, § 25-201.01, which allows certain cases to be brought outside the statute of limitations. The appellees moved for summary judgment, which the district court granted. The court found as a matter of law that the savings clause did not allow the Zitterkopfs to file their second action outside the 4-year statute of limitations when their first action was dismissed because of their failure to prosecute their first action. The Zitterkopfs appeal the dismissal of their second action.

## ASSIGNMENT OF ERROR

The Zitterkopfs claim the district court erred in granting the appellees' motions for summary judgment on the ground that the Zitterkopfs' claims were not subject to the savings clause statute.

## STANDARD OF REVIEW

 Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[1]

## ANALYSIS

The Zitterkopfs argue that their second action falls within the parameters of the savings clause. Section 25-201.01 provides:

> (1) If an action is commenced within the time prescribed by the applicable statute of limitations but the plaintiff fails in the action for a reason other than a reason specified in subsection (2) of this section and the applicable statute of limitations would prevent the plaintiff from commencing a new action, the plaintiff . . . may commence a new action within the period specified in subsection (3) of this section.

> (2) A new action may not be commenced in accordance with subsection (1) of this section when the original action failed . . . (d) as a result of any other inaction on the part of the plaintiff where the burden of initiating an action was on the plaintiff.

The Zitterkopfs' first action was dismissed pursuant to a progression order. The Zitterkopfs did not appeal the dismissal of that action, and the issue of whether that dismissal was proper is not before us. Section 25-201.01(2)(d) clearly provides that a new action may not be brought under the savings clause when the original action failed because of the plaintiff's inaction where the plaintiff bears the burden of initiating the action. The dismissal of the Zitterkopfs' first case for failure to abide by the progression standards was a dismissal because of a lack of action on their part. Because the Zitterkopfs' first case was dismissed as a result of their inaction, the Zitterkopfs are precluded from bringing the present action out of time under § 25-201.01. Accordingly, we affirm the district court's dismissal of this action.

AFFIRMED.

---

[1] *Zach v. Eacker*, 271 Neb. 868, 716 N.W.2d 437 (2006).