NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES,
APPELLEE, V. PAULA WEEKLEY, APPELLANT.
741 N.W.2d 658
Filed November 30, 2007.    No. S-06-292.

Lynnette Z. Boyle, of Tietjen, Simon & Boyle, for appellant.

Jon Bruning, Attorney General, and Frederick J. Coffman for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Paula Weekley, a former employee of the Nebraska Department of Health and Human Services (DHHS), appeals from the order of the district court for Dodge County affirming DHHS' decision to terminate her employment. On appeal, Weekley argues that pursuant to Neb. Rev. Stat. § 84-917(2)(a) (Reissue 1999), the district court for Dodge County did not have jurisdiction over this appeal. We conclude that DHHS' petition was not filed in compliance with § 84-917(2)(a), and as a result, the district court for Dodge County did not have jurisdiction.

## FACTS

Weekley was a protection and safety worker for DHHS and was assigned to perform case work for Adult Protective Services (APS). APS workers assist elderly and vulnerable adults in potentially neglectful or abusive settings and serve as resources for citizens who need assistance in caring for elderly and vulnerable adults.

On Friday, September 6, 2002, APS received a telephone call from a nurse at the Fremont Area Medical Center who was concerned about the care an elderly woman was receiving at the woman's home. On September 9, the case was assigned to Weekley. Weekley was on annual leave at the time, but returned to her office on Tuesday, September 10.

Upon returning to work on September 10, 2002, Weekley reviewed her telephone messages, intake forms, and other documents that had accumulated on her desk during her absence. Among the documents she reviewed was the intake report pertaining to the elderly woman. Under DHHS regulations, Weekley was to make face-to-face contact with the subject of the report within 5 days. But Weekley was unable to locate her and never made face-to-face contact. On September 23, a fire broke out at the elderly woman's home, resulting in her death.

On October 21, 2002, Weekley received a "Written Notice of Allegations," relating to the handling of the case and informing Weekley that if the allegations were substantiated, she would be subject to disciplinary action. On January 2, 2003, the protection and safety administrator issued a "Written Notice of Discipline" terminating Weekley's employment. The protection and safety administrator testified that the decision was based on the current information related to the handling of the elderly woman's case and Weekley's previous conduct that had resulted in disciplinary actions. Weekley filed a grievance with DHHS. The agency director reviewed Weekley's case and affirmed the protection and safety administrator's decision to terminate Weekley's employment.

Weekley appealed the agency director's decision through the administrator of the Department of Administrative Services (DAS). Pursuant to the grievance procedures in Weekley's labor contract, a "mini hearing" was held before the designee

of the employee relations administrator of the DAS in Lincoln, Lancaster County, Nebraska. The relevant provisions of the labor contract relating to the "mini hearing" process are as follows:

4.10.2 **MINI HEARING PROCESS.** When an appeal has been submitted to the Administrator of the DAS Employee Relations Division, and before a hearing officer/arbitrator is appointed, the Administrator of the DAS Employee Relations Division or his/her designee may confer with the Union representative, or grievant, if the grievant chooses not to be represented by [the Nebraska Association of Public Employees/American Federation of State, County and Municipal Employees] or any other representative, and the Agency representative to discuss and attempt to informally resolve the grievance. In cases where the grievant is not represented by the union, a union representative may attend the hearing and observe. . . . This conference (mini-hearing) shall be informal and the rules of evidence shall not apply. All exhibits that the Agency or Grievant want the Administrator of the DAS Employee Relations Division/Designee to consider must be received by the DAS Employee Relations Division and the opposing party a minimum of three days before the mini-hearing. . . . Neither party may be represented by anyone licensed (active or inactive) to practice law in the State of Nebraska at this conference.

4.10.3 The Administrator of the DAS Employee Relations Division or his/her designee may request a conference with the parties to discuss resolution of the grievance and shall have the authority to interview witnesses or require documents and other items to be produced prior to the conference. . . . However, the intent of the parties is that the matter be considered at this step in an informal manner and be resolved as expeditiously as possible.

4.10.4 After the conference and a review of the grievance and other documents submitted by the parties, the Administrator of the DAS Employee Relations Division or his/her designee shall issue a written decision to the parties to reverse, modify or uphold the answer made by the Agency Head at Step 2. This decision shall be issued

within 20 workdays of the conference and shall include a description of the events giving rise to the grievance and the rationale upon which the decision is made. If a written decision is not rendered within 20 workdays, either party may request the grievance be heard before the hearing officer/arbitrator, as appropriate. This decision shall not constitute a part of the appeal record if the matter is heard by an arbitrator or a hearing officer.

4.10.5 If either party is not satisfied with the decision made by the Administrator of the DAS Employee Relations Division or his/her designee, that party shall give notice that the appeal be heard by a hearing officer/arbitrator . . . by filing a notice with the Administrator of the DAS Employee Relations Division in the office of the Employee Relations Division within 7 workdays of receipt of the decision from the Administrator of the DAS Employee Relations Division or his/her designee.

4.10.6 If notice is not received within the prescribed time frames, the decision of the Administrator of the DAS Employee Relations Division or his/her designee shall be considered final.

In accordance with these provisions, the appointed designee of the DAS employee relations administrator conducted the "mini hearing" in Lancaster County. At the "mini hearing," each party called one witness, submitted exhibits, and presented oral arguments. Following the "mini hearing," the appointed designee issued a written decision setting forth findings of fact, conclusions of law, and affirming DHHS' decision to terminate Weekley's employment.

Weekley appealed this decision to the State Personnel Board. A hearing officer was appointed, and a hearing was conducted in Dodge County, Nebraska. At the hearing, both parties were given the opportunity to present new or different testimony and exhibits, examine and cross-examine witnesses, and offer argument in support of their position. Following the hearing, the hearing officer made findings of fact, conclusions of law, and a recommendation. For his recommendation, the hearing officer explained that "[i]f the Board concludes that the fact that [the elderly woman] died overrides all other considerations, the

Board should dismiss [Weekley] and uphold the discipline." The hearing officer further recommended, however, that "[i]f the Board concludes that [Weekley] can be a competent performer for [DHHS] if demoted to a position requiring less independent judgement and with more day-to-day supervision, the Board should reject [DHHS'] discipline and sustain the Grievance."

The State Personnel Board adopted the hearing officer's findings of fact and conclusions of law, but concluded that the hearing officer's recommendation was insufficient. The State Personnel Board concluded that Weekley "was guilty of the conduct alleged, but the discipline imposed was not warranted based on the evidence presented." The board then remanded the matter to DHHS for further action.

DHHS appealed the State Personnel Board's decision by filing a petition for review in the Dodge County District Court. In her answer, Weekley asserted that the Dodge County District Court did not have jurisdiction because DHHS' petition for further review was not filed "in the district court of the county where the action is taken," as required by § 84-917. The district court rejected Weekley's argument and concluded that DHHS' petition for further review was properly filed in the Dodge County District Court.

The district court further concluded that DHHS had "met its burden of proof that its decision to terminate [Weekley's employment] was made in good faith and for just cause, given the nature and severity of the infraction and in consideration with the history of discipline and performance contained in the employee's personnel file." Accordingly, the court reinstated DHHS' decision to terminate Weekley's employment. Weekley appealed.

## ASSIGNMENTS OF ERROR

Weekley assigns that the district court erred in finding (1) that it had jurisdiction to hear this case because the court erroneously concluded that the "mini hearing" was not the first adjudicated hearing, (2) that DHHS had just cause for disciplining Weekley, and (3) that DHHS' decision to terminate Weekley's employment was made in good faith and for cause.

## STANDARD OF REVIEW

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[1]

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case.[2] Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute.[3]

The jurisdictional requirements for obtaining judicial review of a final administrative decision under the Administrative Procedure Act are set forth in § 84-917(2)(a). This section provides, in relevant part, that "[p]roceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency."[4] We have repeatedly interpreted the phrase "'county where the action is taken'" to mean "'"the site of the first adjudicated hearing of a disputed claim."'"[5]

Weekley argues that the "mini hearing" held in Lancaster County was the first adjudicated hearing and that therefore, under § 84-917(2)(a), DHHS' petition for further review should have been filed in the district court for Lancaster County. Weekley contends that DHHS incorrectly filed its petition for further

---

[1] *Zitterkopf v. Maldonado*, 273 Neb. 145, 727 N.W.2d 696 (2007).

[2] *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007).

[3] *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 562 N.W.2d 355 (1997).

[4] § 84-917(2)(a).

[5] *Reiter v. Wimes*, 263 Neb. 277, 281, 640 N.W.2d 19, 23 (2002). Accord, *Essman v. Nebraska Law Enforcement Training Ctr., supra* note 3; *Metro Renovation v. State Dept. of Labor*, 249 Neb. 337, 543 N.W.2d 715 (1996), *disapproved on other grounds, State v. Nelson, ante* p. 304, 739 N.W.2d 199 (2007).

review in Dodge County, and as a result, the district court for Dodge County did not have jurisdiction over this appeal.

DHHS argues that its petition for further review was properly filed in the district court for Dodge County because the "mini hearing" held in Lancaster County did not constitute an adjudicated hearing. In support of this argument, DHHS points to the procedures governing the grievance process—in particular, the informal nature in which "mini hearings" are conducted. DHHS notes that in a "mini hearing," the rules of evidence do not apply, neither party may be represented by anyone licensed to practice law, and the written decision issued at the conclusion of the "mini hearing" does not become a part of the appeal record.

Notwithstanding the procedural limitations and the informal nature of the "mini hearing," we are not persuaded by DHHS' argument that the "mini hearing" was not an adjudicated hearing. Neither § 84-917(2)(a) nor any of our previous decisions addressing this issue require that to qualify as the first adjudicated hearing, the hearing must apply the formal rules of evidence, allow representation of counsel, or create a transcript that is part of the record on appeal. Instead, given the record before us, we conclude that the "mini hearing" in Lancaster County was the first adjudicated hearing.

In so finding, we note that the procedures governing the "mini hearing" in this case are very similar to those used in small claims court. Proceedings in small claims court are conducted on a very informal basis with a minimum of procedural requirements.[6] Parties are not represented by counsel[7]; matters are tried without a jury[8]; the "hearing and disposition of all matters shall be informal"[9]; the formal rules of evidence do not apply[10]; and,

---

[6] *Henriksen v. Gleason,* 263 Neb. 840, 643 N.W.2d 652 (2002); *Harris v. Eberhardt,* 215 Neb. 240, 338 N.W.2d 53 (1983).

[7] Neb. Rev. Stat. § 25-2803(2) (Reissue 1995).

[8] Neb. Rev. Stat. § 25-2805 (Cum. Supp. 2006).

[9] Neb. Rev. Stat. § 25-2806 (Reissue 1995).

[10] *Id.*

on appeal, all cases are tried by the district court de novo.[11] Yet, in spite of the informal nature of these proceedings, we would not say that a decision issued by a small claims court is anything less than an adjudication. The decision of the small claims court is a "judgment," and when the time for appeal has run, the prevailing party can obtain execution on that judgment as in any other case in county court.[12] Likewise, we cannot say that the "mini hearing" in the present case, which shares much of the same procedural informality, is anything other than an adjudication.

Here, the "mini hearing" was held in the presence of the appointed designee who sat as a decisionmaker. Prior to the "mini hearing," both DHHS and Weekley were given the opportunity to submit exhibits and briefs to the appointed designee. And at the "mini hearing," the parties were allowed to present witnesses, offer exhibits, and present oral arguments. Moreover, following the "mini hearing," the appointed designee issued a written decision that, if not appealed, would have become the final and binding decision. In other words, an agency-appointed decisionmaker issued a ruling based on evidentiary submissions, that in the absence of an appeal, would have been a legally binding determination of the dispute. A hearing was held, however informal, and the appointed designee adjudicated the dispute based on that hearing.

DHHS also claims that the decision rendered by the appointed designee following the "mini hearing" was not an "'adjudication,'" because it was not "'the determination *by the highest or ultimate authority* of an agency.'"[13] DHHS asserts that the highest authority in this case was the State Personnel Board hearing officer who was appointed, conducted a hearing in Dodge County, and issued a decision.

We rejected a similar argument in *Essman v. Nebraska Law Enforcement Training Ctr.*[14] In *Essman*, we were urged to create

---

[11] Neb. Rev. Stat. § 25-2734 (Reissue 1995).

[12] § 25-2806.

[13] Brief for appellee at 21-22.

[14] *Essman v. Nebraska Law Enforcement Training Ctr., supra* note 3.

an exception to the "first adjudicated hearing" rule by holding that "where the agency conducts a subsequent hearing and has the power to receive additional evidence before issuing its final order, the site of the last hearing should be 'the county where the action is taken' for purposes of § 84-917(2)(a)."[15] We declined to create such an exception. We explained that our construction of the statute "provides a party with a clear statement of where to file a petition seeking judicial review of an administrative action," and there is "no reason to complicate compliance with the rule by grafting unnecessary exceptions upon it."[16]

As in *Essman*, we conclude here that conducting a subsequent hearing, where new or additional evidence may be received, does not change the character of the *first* adjudicated hearing. And in the present case, for the reasons explained above, the *first* adjudicated hearing was in Lancaster County. Therefore, we agree with Weekley that the Dodge County District Court lacked jurisdiction to overrule the State Personnel Board and affirm DHHS' termination of Weekley's employment. Having so determined, we need not consider Weekley's remaining assignments of error.

We recognize that DHHS, unfortunately, faced a difficult choice in deciding where to prosecute its appeal. And parties should not be discouraged from pursuing alternative means of resolving their disputes. However, confusion could have been avoided in this case had the labor contract been drafted to more expressly elect between mediation and a binding hearing on the merits. Nonetheless, the negotiated contract set the rules and we are called upon to judge the proceedings accordingly.

## CONCLUSION

We conclude that the "mini hearing" held in Lancaster County was the first adjudicated hearing. As such, pursuant to § 84-917(2)(a), DHHS was required to file its petition for further review in the district court for Lancaster County. But DHHS filed its petition for further review in Dodge County, rather than Lancaster County, and the Dodge County District Court did not

---

[15] *Id.* at 351, 562 N.W.2d at 358.

[16] *Id.* at 351-52, 562 N.W.2d at 358.

have jurisdiction. The judgment of the district court is vacated, and the cause is remanded with directions to dismiss DHHS' petition for review.

VACATED AND REMANDED WITH
DIRECTIONS TO DISMISS.