Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/20/2018 09:09 AM CDT

- 582 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
ESTATE OF SCHLUNTZ v. LOWER REPUBLICAN NRD
Cite as 300 Neb. 582

Estate of Gerald Schluntz et al., appellants, v.
Lower Republican Natural Resources District,
a political subdivision, appellee.

___ N.W.2d ___

Filed July 20, 2018.    No. S-17-970.

1.  **Rules of the Supreme Court: Appeal and Error.** Headings in the argu-
    ment section of a brief do not satisfy the requirements of Neb. Ct. R.
    App. P. § 2-109(D)(1) (rev. 2014).
2.  **Jurisdiction: Appeal and Error.** Jurisdictional determinations that do
    not involve a factual dispute are reviewed de novo.
3.  **Statutes: Appeal and Error.** Issues of statutory interpretation present a
    question of law that an appellate court independently reviews.
4.  **Rules of the Supreme Court: Appeal and Error.** Where an appellate
    brief fails to comply with the mandate of the appellate rule governing
    the form and content thereof, the appellate court may proceed as though
    the party failed to file a brief or, alternatively, may examine the proceed-
    ings for plain error.
5.  **Appeal and Error.** Plain error is error plainly evident from the record
    and of such a nature that to leave it uncorrected would result in damage
    to the integrity, reputation, or fairness of the judicial process.
6.  **Statutes: Judicial Construction: Legislature: Presumptions: Intent.**
    Where a statute has been judicially construed and that construction has
    not evoked an amendment, it is presumed that the Legislature has acqui-
    esced in the court's determination of the Legislature's intent.
7.  **Actions: Jurisdiction: Appeal and Error.** Where a district court has
    statutory authority to review an action, the district court acquires juris-
    diction only if the review is sought in the mode and manner and within
    the time provided by statute.

Appeal from the District Court for Furnas County: David W.
Urbom, Judge. Affirmed.

- 583 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
ESTATE OF SCHLUNTZ v. LOWER REPUBLICAN NRD
Cite as 300 Neb. 582

Thomas G. Lieske, of Lieske, Lieske & Ensz, P.C., L.L.O., for appellants.

Katherine J. Spohn and Blake E. Johnson, of Bruning Law Group, for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ.

PAPIK, J.
In certain statutorily defined circumstances, parties aggrieved by actions taken by Nebraska administrative agencies or political subdivisions can seek review in district court in accordance with the Administrative Procedure Act (APA). The APA directs that proceedings for such review be instituted by filing a petition in the "district court of the county where the action is taken." Neb. Rev. Stat. § 84-917(2)(a)(i) (Reissue 2014). We have previously held and reaffirm today that this language requires that a petition for review be filed in the district court of the county in which the first adjudicated hearing of a disputed claim took place. Because the petition in this case was not filed in the district court of the county where the first adjudicated hearing occurred, we affirm the district court's dismissal for lack of subject matter jurisdiction.

## BACKGROUND

In July 2016, the Lower Republican Natural Resources District (LRNRD), filed a complaint against the estate of Gerald Schluntz, Julie Smith, and Tamara Bishop (appellants) in this matter. LRNRD is a political subdivision authorized to regulate ground water usage. In its complaint, LRNRD alleged that appellants, owners and operators of farmland located in Furnas County, Nebraska, had violated LRNRD rules regarding ground water use. Public hearings followed in which appellants were represented by counsel. Importantly for

- 584 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
ESTATE OF SCHLUNTZ v. LOWER REPUBLICAN NRD
Cite as 300 Neb. 582

purposes of this appeal, it is undisputed that the first hearing (and all subsequent hearings) took place in LRNRD's offices in Harlan County, Nebraska. LRNRD later issued an order entitled "Cease and Desist Order and Order Imposing Civil Penalties." Appellants contend that the LRNRD order had the effect of prohibiting them from irrigating certain acres of farmland.

Appellants attempted to obtain review of the LRNRD order by filing a petition in the district court for Furnas County. In the petition, appellants asked that the LRNRD order be vacated, alleging, among other things, that LRNRD did not follow proper procedures and that its actions were arbitrary and capricious.

LRNRD moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. The district court granted the motion on subject matter jurisdiction grounds. The district court explained that under the Nebraska Ground Water Management and Protection Act, appeals of orders issued by natural resources districts are governed by the APA, which requires that proceedings for review be commenced by "filing a petition in the district court of the county where the action is taken." § 84-917(2)(a)(i). The district court then noted several decisions from this court interpreting "the county where the action is taken" under the APA to mean the county where the first adjudicated hearing of a disputed claim took place. Because there was no dispute that all hearings regarding the LRNRD order were held in Harlan County, the district court concluded it did not have subject matter jurisdiction over the petition brought in Furnas County and granted the motion to dismiss.

## ASSIGNMENT OF ERROR

[1] Appellants failed to include in their brief on appeal a separate section assigning error in the district court's order of dismissal. The table of contents in appellants' brief does

- 585 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
ESTATE OF SCHLUNTZ v. LOWER REPUBLICAN NRD
Cite as 300 Neb. 582

contain a sentence under the heading for "Argument" stating, "The Court erred by dismissing the appeal of the Appellants' Petition in Error which was filed in the District Court of Furnas County." We have previously made clear, however, that headings in the argument section of a brief do not satisfy the requirements of Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2014), see, e.g., *In re Interest of Samantha L. & Jasmine L.*, 286 Neb. 778, 839 N.W.2d 265 (2013), and we see no reason to treat a heading within the table of contents differently.

## STANDARD OF REVIEW

[2-5] We review jurisdictional determinations that do not involve a factual dispute de novo. See *Butler Cty. Sch. Dist. v. Freeholder Petitioners*, 283 Neb. 903, 814 N.W.2d 724 (2012). Issues of statutory interpretation also present a question of law that we independently review. *Id.* However, where a party's brief fails to comply with § 2-109(D)(1), we may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error. See *In re Interest of Samantha L. & Jasmine L., supra*. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id.*

## ANALYSIS

Despite appellants' failure to assign error in the manner contemplated by our rules, the basis for appellants' appeal is nonetheless clear: They contend that the district court erred by finding it lacked subject matter jurisdiction and ordering dismissal. In the end, the appropriate standard of review is not crucial to resolving this appeal, because we find no error in the district court's order of dismissal, let alone error sufficiently obvious to merit reversal on the basis of plain error.

Appellants contend that this action was properly brought in the district court for Furnas County, because the farmland at

- 586 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
ESTATE OF SCHLUNTZ v. LOWER REPUBLICAN NRD
Cite as 300 Neb. 582

issue is located in Furnas County. According to appellants, the district court for Furnas County had jurisdiction pursuant to Neb. Rev. Stat. § 25-401 (Reissue 2016). Section 25-401 does not, however, apply to the petition appellants filed in this case. Section 25-401 states that "[a]ll actions to recover damages for any trespass upon or any injury to real estate . . ." shall be brought in the district court in the county where the real estate at issue is located. Appellants did not bring an action for damages for trespass upon or injury to real estate or any other type of action covered by § 25-401. Rather, they filed a petition for judicial review of an order issued by a natural resources district. Section 25-401 does not apply here.

The statute that does govern here is a provision of the Ground Water Management and Protection Act, Neb. Rev. Stat. § 46-750 (Reissue 2010). That statute provides that those aggrieved by orders of a natural resources district have the right to seek review but that such review "shall be in accordance with the [APA]." As noted above, the APA, in turn, directs that petitions for review be filed "in the district of the county where the action is taken." § 84-917(2)(a)(i). On numerous occasions over the last several decades, we have held that for purposes of the APA, the "county where the action is taken" is the county where the first adjudicated hearing regarding a disputed claim was held. See, *Nebraska Dept. of Health & Human Servs. v. Weekley*, 274 Neb. 516, 741 N.W.2d 658 (2007); *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 562 N.W.2d 355 (1997); *Metro Renovation v. State*, 249 Neb. 337, 543 N.W.2d 715 (1996), *disapproved on other grounds, State v. Nelson*, 274 Neb. 304, 739 N.W.2d 199 (2007); *Bd. of Ed. of Keya Paha County v. State Board of Education*, 212 Neb. 448, 323 N.W.2d 89 (1982).

Appellants acknowledge our decisions adopting the "first adjudicated hearing" interpretation, but invite us to adopt a different interpretation of the APA's language when a party seeks

- 587 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
ESTATE OF SCHLUNTZ v. LOWER REPUBLICAN NRD
Cite as 300 Neb. 582

review of an administrative action pertaining to real estate. Appellants suggest that such an interpretation would eliminate potential confusion, because while there may be multiple hearings in multiple counties regarding a given matter, litigants "always know where the land is." Brief for appellants at 5. They also contend that their preferred interpretation would reduce the potential for confusion, because other types of actions involving land can be brought in the county where the land is located.

We must decline appellants' invitation to deviate from our decisions interpreting the exact same statutory language of the APA that is at issue in this case. Rather than reducing the potential for confusion, we believe we would be producing confusion if we were to interpret the phrase "county where the action is taken" to mean different things depending on the factual context of the underlying administrative action. As we have previously explained, the "first adjudicated hearing" interpretation provides a clear rule and "grafting unnecessary exceptions upon it" would only "complicate compliance." *Essman*, 252 Neb. at 352, 562 N.W.2d at 358.

[6] Furthermore, where a statute has been judicially construed and that construction has not evoked an amendment, it is presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent. *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017). As the Legislature has not responded to any of our prior decisions interpreting this language with an amendment, we must presume it has acquiesced to the "first adjudicated hearing" interpretation.

[7] Because the APA requires that review be sought in the district court in the county where the first adjudicated hearing took place, appellants filed their petition in the wrong court. There is no dispute that the first hearing regarding the LRNRD order was held in Harlan County, yet appellants filed their petition in the district court in Furnas County.

- 588 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
ESTATE OF SCHLUNTZ v. LOWER REPUBLICAN NRD
Cite as 300 Neb. 582

Faced with a petition for review filed in the wrong court, the district court had no choice but to dismiss. Where a district court has statutory authority to review an action, the district court acquires jurisdiction only if the review is sought in the mode and manner and within the time provided by statute. *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017). Appellants did not seek review in the manner provided by statute, and thus the district court did not acquire jurisdiction.

## CONCLUSION

Because appellants did not file their petition for review in the district court in the county in which the first adjudicated hearing regarding the disputed claim was held, the district court correctly dismissed on subject matter jurisdiction grounds. We affirm.

AFFIRMED.