IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

JACKSON V. NEBRASKA DEPT. OF CORR. SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

EARNEST JACKSON, APPELLANT,

V.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, APPELLEE.

Filed September 14, 2021.    No. A-20-647.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Affirmed.

Earnest Jackson pro se.

Douglas J. Peterson, Attorney General, and James A. Campbell for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Earnest Jackson, an inmate of the Nebraska Department of Correctional Services (NDCS), appeals pro se from an order of the district court for Lancaster County dismissing Jackson's Administrative Procedure Act (APA) petition for lack of subject matter jurisdiction. For the reasons that follow, we affirm.

## BACKGROUND

On May 31, 2019, Jackson was transferred from the Nebraska State Penitentiary in Lincoln, Nebraska, to the Tecumseh State Correctional Institution (TSCI) in Tecumseh, Nebraska. Upon arrival at TSCI, a search of Jackson's property revealed a large quantity of contraband in violation of prison rules. As a result of this discovery, NDCS staff completed a misconduct report charging Jackson with three counts of misconduct including drug or intoxicant abuse (count 1), possessing or receiving unauthorized articles (count 2), and violation of regulations (count 3).

- 1 -

In August 2019, Jackson appeared before an Institutional Disciplinary Committee (IDC) at TSCI for a hearing on the misconduct report. After reviewing the evidence and hearing Jackson's testimony, the IDC found Jackson guilty on count 1 and dismissed counts 2 and 3. Jackson's penalty was 90 days' loss of good time and 60 days of telephone restriction. Jackson appealed to the NDCS Appeals Board, which affirmed the decision of the IDC.

In November 2019, Jackson filed a petition in the district court for Lancaster County, seeking judicial review of the NDCS Appeals Board decision pursuant to Neb. Rev. Stat. § 84-917 (Reissue 2014). Among other things, the petition alleged that "this is an appeal from the NDCS appeals Board [and] the action taken against [Jackson] by the NDCS appeals Board were [sic] so taken in Lancaster County, Nebraska." The petition also alleged that "one copy of the NDCS Appeal Board's decision is attached hereto & made part of the record."

In August 2020, the district court entered an order dismissing Jackson's petition for lack of subject-matter jurisdiction. Despite Jackson's allegation to the contrary, the district court found that "Jackson failed to include a duplicate copy of the final decision" as required by § 84-917(2)(b)(iii). On that basis, the district court concluded it did not have subject matter jurisdiction and dismissed the petition. This appeal followed.

## ASSIGNMENTS OF ERROR

Jackson assigns, restated and renumbered, that the district court erred in (1) dismissing Jackson's APA petition for lack of subject matter jurisdiction, (2) finding substantial evidence to support the decision of the NDCS Appeals Board, and (3) finding that Jackson's due process rights were not violated.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Champion v. Hall County*, 309 Neb. 55, 958 N.W.2d 396 (2021).

A judgment or final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017). When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *Nebraska Dept. of Health & Human Servs. v. Weekley*, 274 Neb. 516, 741 N.W.2d 658 (2007). When a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute. *Id.* The jurisdictional requirements for obtaining judicial review of a final administrative decision under the APA are set forth in § 84-917(2)(a). *Nebraska Dept. of Health & Human Servs. v. Weekley, supra*.

Section 84-917(2)(a) provides, in relevant part, that "[p]roceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency." The Nebraska Supreme Court has repeatedly interpreted the phrase "county where the action is taken" to mean the site of the first adjudicated hearing of a disputed claim. *Nebraska Dept. of Health & Human Servs. v. Weekley, supra.*

The allegations in Jackson's petition indicate that he interpreted the relevant "action" to be the decision of the NDCS Appeals Board which he alleges took place in Lancaster County. However, in this case, the first adjudicated hearing of the disputed claim took place in front of the IDC at TSCI in Tecumseh, Johnson County, Nebraska. Thus, under § 84-917(2)(a), Jackson was required to file his petition in the district court for Johnson County. Because Jackson failed to file his petition in the county where the action was taken, the district court did not acquire subject matter jurisdiction over the petition.

Accordingly, we affirm, albeit on different grounds, the district court's decision to dismiss Jackson's petition for lack of subject matter jurisdiction.

We do not decide, as the district court did, whether Jackson's failure to attach a duplicate copy of the NDCS Appeals Board decision amounted to a jurisdictional defect. The requirement to attach a copy of the decision is found in § 84-917(2)(b). When discussing the jurisdictional requirements for an APA petition, the Supreme Court has consistently referred to § 84-917(2)(a) alone. *Nebraska Dept. of Health & Human Servs. v. Weekley, supra.* Accord, *J.S. v. Grand Island Public Schools, supra*; *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 562 N.W.2d 355 (1997).

In *Essman*, the court stated, "[w]e have held that the filing of the petition and the service of summons pursuant to [§ 84-917(2)(a)] are the two actions necessary to establish the jurisdiction of the district court to review the final decision of an administrative agency." *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. at 350, 562 N.W.2d at 358. We note that, in *Payne v. Nebraska Dept. of Corr. Servs.*, 249 Neb. 150, 542 N.W.2d 694 (1996), the court held that if the agency whose decision is being appealed is not a party of record, then it is an additional jurisdictional requirement for the petitioner to serve the agency with a copy of the petition and a request for preparation of an official record. Although, that requirement too is found in § 84-917(2)(a). We are not aware of any case law supporting the conclusion that the requirements of § 84-917(2)(b) are jurisdictional in nature. However, because we hold that the district court lacked subject matter jurisdiction for the reasons already stated, we decline to address this question.

We need not address Jackson's remaining assignments of error. See *Gonzales v. Nebraska Pediatric Practice*, 308 Neb. 571, 955 N.W.2d 696 (2021) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

CONCLUSION

For the foregoing reasons, we affirm the district court's decision to dismiss Jackson's APA petition for lack of subject matter jurisdiction.

AFFIRMED.