with a lack of information regarding the nature and extent of the misconduct and the attorney's present or future fitness to practice law. We declined to disbar the attorney and instead imposed an indefinite suspension. Similarly, under the facts of this case, we conclude that an indefinite suspension, with a minimum suspension of 3 years, is the appropriate discipline.

## CONCLUSION

We find and hereby order that Tonderum should be indefinitely suspended from the practice of law in the State of Nebraska effective upon the filing of this opinion, with a minimum suspension of 3 years. Any application for reinstatement filed by Tonderum after the minimum suspension period shall include a showing under oath which demonstrates her fitness to practice law and fully addresses the circumstances of the instant violation.

Tonderum is directed to comply with Neb. Ct. R. § 3-316, and upon failure to do so, she shall be subject to punishment for contempt of this court. Tonderum is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.

———————————

IN RE INTEREST OF VIOLET T., A CHILD
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT, V.
ABIGAEL T., APPELLEE.
___ N.W.2d ___

Filed November 22, 2013.    No. S-13-084.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.

3. **Jurisdiction: Appeal and Error.** Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action or proceeding before the court and the particular question which it assumes to determine.

4. **Juvenile Courts: Jurisdiction: Statutes.** As a statutorily created court of limited and special jurisdiction, a juvenile court has only such authority as has been conferred on it by statute.

5. **Juvenile Courts.** The Nebraska Juvenile Code should be liberally construed.

6. **Juvenile Courts: Jurisdiction.** To obtain jurisdiction over a juvenile, the juvenile court's only concern is whether the conditions in which the juvenile presently finds himself or herself fit within the asserted subsection of Neb. Rev. Stat. § 43-247 (Reissue 2008).

7. **Jurisdiction: Minors: Domicile: Child Custody.** The jurisdiction of a state to regulate the custody of an infant found within its territory does not depend upon the domicile of the parents.

Appeal from the Separate Juvenile Court of Douglas County: Douglas F. Johnson, Judge. Appeal dismissed.

Donald W. Kleine, Douglas County Attorney, Debra Tighe-Dolan, and Emily H. Anderson, Senior Certified Law Student, for appellant.

Kate E. Placzek, of Law Office of Kate E. Placzek, for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION

The Douglas County Attorney (the State) filed an amended petition alleging Violet T. was a minor child within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008) due to the faults and habits of her biological mother, Abigael T. The State also filed a motion for temporary custody. Abigael moved to dismiss. Finding it lacked subject matter jurisdiction, the separate juvenile court of Douglas County dismissed the petition. We dismiss this appeal.

## BACKGROUND

Violet was born in a hospital located in Douglas County, Nebraska, in November 2012. According to the petition filed

by the State, Violet tested positive for methamphetamine at birth. Abigael admitted to using methamphetamine during pregnancy and stated she was not prepared to care for an infant. Violet was discharged from the hospital a few days after her birth and was taken to live with relatives in Iowa. It is not apparent from the record who took Violet from the hospital to her relatives in Iowa.

On November 16, 2012, the State filed a petition alleging Violet was a minor child living or to be found in Douglas County who came within the meaning of § 43-247(3)(a) due to the faults and habits of Abigael. The petition alleged that Violet was in the custody of the Nebraska Department of Health and Human Services (DHHS). The State also filed a motion for a protective custody hearing.

On November 21, 2012, a hearing was held in juvenile court. At that hearing, DHHS clarified that Violet was not in its custody. Counsel for Violet's mother moved to dismiss, arguing that although Violet was born in Nebraska and Abigael had requested voluntary services from DHHS, Violet had never actually lived in Nebraska. The State objected to the motion. The objection was sustained, and the case was set for a hearing on the motion to dismiss.

On December 3, 2012, the State filed an amended petition alleging that Violet was a minor child "born, domiciled, living or to be found in Douglas County, Nebraska," who came within the meaning of § 43-247(3)(a) due to the faults and habits of her biological mother, Abigael. The petition stated that Abigael's address was unknown and that Violet was currently residing in Council Bluffs, Iowa. The State also filed a motion for temporary custody, along with an affidavit from the social worker who had investigated the case while Violet was still in the hospital. The same day, the juvenile court issued an order granting DHHS immediate custody of Violet.

On December 10, 2012, a hearing was held in the juvenile court. Abigael renewed her motion to dismiss based on lack of subject matter jurisdiction and improper venue. DHHS joined the motion, agreeing that there was no jurisdiction because Violet was "not found in Douglas County [and] had already been voluntarily placed by [Abigael] with relatives in Iowa."

The State and the guardian ad litem objected to the motion. The juvenile court heard arguments and received evidence. The parties stipulated that Violet was born in Douglas County but that upon discharge from the hospital, she went to live in Iowa and remained there at the time of filing the petition and at the time of the hearing.

On January 2, 2013, the juvenile court issued an order dismissing the amended petition for lack of subject matter jurisdiction. The State appeals.

## ASSIGNMENT OF ERROR

On appeal, the State assigns that the juvenile court erred in refusing to establish subject matter jurisdiction over the minor child, Violet.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.[1]

[2] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[2]

## ANALYSIS

[3] The State's sole argument on appeal is that the juvenile court erred in finding that it lacked subject matter jurisdiction. Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action or proceeding before the court and the particular question which it assumes to determine.[3]

Abigael asserted, and the juvenile court found, that the court lacked authority to hear and determine whether Violet was a juvenile within the meaning of § 43-247(3)(a).

---

[1] See *In re Interest of Trey H*., 281 Neb. 760, 798 N.W.2d 607 (2011).

[2] See *id*.

[3] *Id*.

[4,5] As a statutorily created court of limited and special jurisdiction, a juvenile court has only such authority as has been conferred on it by statute.[4] The Nebraska Juvenile Code should, however, be liberally construed.[5]

[6] Section 43-247(3) states that the juvenile court in each county shall have jurisdiction over "[a]ny juvenile . . . who lacks proper parental care by reason of the fault or habits of his or her parent, guardian, or custodian." We have held that "to obtain jurisdiction over a juvenile, the court's only concern is whether the conditions in which the juvenile presently finds himself or herself fit within the asserted subsection of § 43-247."[6] Section 43-247 mentions neither the residence of a parent nor the residence of a child.

[7] The State argues that Violet's absence from Nebraska was temporary and, further, that the domicile of a child is determined by the residence of the child's custodian. But we have stated:

> The jurisdiction of a state to regulate the custody of an infant found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. As we said in In re Application of Reed [152 Neb. 819, 43 N.W.2d 161 (1950)]: "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the child, but it arises out of the power that every sovereignty possesses as parens patriae to every child *within its borders* to determine its status and the custody that will best meet its needs and wants, and residence within the state suffices even though the domicile may be in another jurisdiction."[7]

---

[4] *In re Interest of Jorge O.*, 280 Neb. 411, 786 N.W.2d 343 (2010).

[5] See *In re Interest of Gabriela H.*, 280 Neb. 284, 785 N.W.2d 843 (2010).

[6] *In re Interest of Angelica L. & Daniel L.*, 277 Neb. 984, 1004-05, 767 N.W.2d 74, 91 (2009).

[7] *Jones v. State*, 175 Neb. 711, 717, 123 N.W.2d 633, 637 (1963) (emphasis supplied).

In the case at hand, Violet was born in Nebraska, but was no longer within this state's borders at the time the petition was filed. Although the State suggests Violet was in Iowa temporarily, the facts of this case as established by the record indicate that apart from the days just following her birth, Violet has never lived anywhere else but in Iowa. As is established by this record, there is no Nebraska home to which Violet might return.

Additionally, we note that Neb. Rev. Stat. § 43-274(1) (Reissue 2008) authorizes a county attorney "having knowledge of a juvenile in his or her county" who appears to be within § 43-247 to file a petition in "the court having jurisdiction in the matter." In this case, however, Violet was not in Douglas County, even temporarily, at the time the petition was filed. We conclude the parens patriae power of the State does not provide a basis for finding jurisdiction in this case.

We also find no jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).[8] The UCCJEA provides that a court has jurisdiction to make a custody determination if:

> (1) [T]his state is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>
> (2) a court of another state does not have jurisdiction under subdivision (a)(1) of this section, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 43-1244 or 43-1245, and:
>
> (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

---

[8] Neb. Rev. Stat. § 43-1226 et seq. (Reissue 2008 & Cum. Supp. 2012).

(B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under subdivision (a)(1) or (a)(2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under 43-1244 or 43-1245; or

(4) no court of any other state would have jurisdiction under the criteria specified in subdivision (a)(1), (a)(2), or (a)(3) of this section.[9]

"Home state" is defined as the state in which a child has lived with a parent or person acting as parent for at least 6 consecutive months, or from birth, before the commencement of the proceeding.[10] Because, apart from a few days just following her birth, Violet has never lived in Nebraska, and Nebraska is not Violet's home state under the UCCJEA. This is true despite the fact that Violet was born in Nebraska.[11] Therefore, in the case at hand, none of the provisions of the UCCJEA provide a statutory basis for jurisdiction.

Finally, the State cites to *In re Interest of Breana M.*[12] But contrary to the arguments of the State, that case provides us with no basis for jurisdiction in this matter. *In re Interest of Breana M.* involves the exercise of jurisdiction across Nebraska counties but is wholly inapplicable here, where the issue involves the jurisdiction of a child located in a state other than Nebraska.

## CONCLUSION

We agree the juvenile court lacked subject matter jurisdiction in this case. For the foregoing reasons, we dismiss the State's appeal.

APPEAL DISMISSED.

---

[9] § 43-1238.

[10] § 43-1227(7).

[11] See *Carter v. Carter*, 276 Neb. 840, 758 N.W.2d 1 (2008).

[12] *In re Interest of Breana M.*, 18 Neb. App. 910, 795 N.W.2d 660 (2011).