Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/22/2018 09:06 AM CDT

- 909 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

In re Interest of Kirsten H., a child
under 18 years of age.
State of Nebraska, appellee,
v. Victoria F., appellant.

___ N.W.2d ___

Filed May 22, 2018.    No. A-17-981.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
3. ____: ____. Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action or proceeding before the court and the particular question which it assumes to determine.
4. **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.
5. **Child Custody: Jurisdiction.** Jurisdiction over child custody proceedings is governed by the Uniform Child Custody Jurisdiction and Enforcement Act.
6. ____: ____. Under the Uniform Child Custody Jurisdiction and Enforcement Act, a court which makes an initial child custody determination will have exclusive, continuing jurisdiction over child custody until certain determinations are made pursuant to Neb. Rev. Stat. § 43-1239 (Reissue 2016).
7. ____: ____. A court with exclusive and continuing jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act may decline to exercise its jurisdiction on the basis that it is an inconvenient forum.
8. **Judgments: Jurisdiction.** A court action taken without subject matter jurisdiction is void.

- 910 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

9. **Judgments: Final Orders: Jurisdiction: Appeal and Error.** A void order is a nullity which cannot constitute a judgment or final order that confers appellate jurisdiction on a court.

10. **Judgments: Jurisdiction: Appeal and Error.** An appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.

11. **Jurisdiction: Appeal and Error.** When a lower court does not have jurisdiction over the case before it, an appellate court also lacks jurisdiction to review the merits of the claim.

Appeal from the County Court for Box Butte County: Paul G. Wess, Judge. Orders vacated, appeal dismissed, and cause remanded with directions.

Katy A. Reichert, of Chaloupka, Holyoke, Snyder, Chaloupka & Longoria, P.C., L.L.O., for appellant.

Travis R. Rodak, Box Butte County Attorney, for appellee.

Jean Rhodes, guardian ad litem.

Riedmann and Bishop, Judges, and Inbody, Judge, Retired.

Bishop, Judge.

## INTRODUCTION

Kirsten H.'s parents divorced in North Dakota in approximately 2009. In 2012, Kirsten and her mother, Victoria F., moved to Nebraska, where Victoria later remarried. While visiting her grandparents in North Dakota in the summer of 2016, Kirsten made allegations that she had been sexually abused by John F., her stepfather. Juvenile proceedings were initiated in North Dakota, and the juvenile court there ultimately determined that Kirsten was to be returned to Victoria in Nebraska by July 1, 2017.

Before July 1, 2017, juvenile proceedings were initiated in Nebraska. After a hearing on August 10, the county court for Box Butte County, sitting as a juvenile court, granted

temporary custody of Kirsten to the Nebraska Department of Health and Human Services (DHHS) and said that placement with her grandparents in North Dakota should continue. And after a hearing on August 31, the juvenile court overruled Victoria's motion to dismiss, which claimed the juvenile court lacked subject matter jurisdiction because of the proceedings in North Dakota. Victoria appeals the orders from both August 10 and 31. For the reasons that follow, we find that the juvenile court of Box Butte County did not have subject matter jurisdiction at the time of both the August 10 and August 31 orders and that therefore, those orders are void. We vacate those orders, dismiss the appeal, and remand the cause with directions.

## BACKGROUND

Victoria is the biological mother of Kirsten, born in December 2007. Garvin H. is Kirsten's biological father. Garvin was stationed in Germany with the Army at the time of the juvenile court proceedings in both North Dakota and Nebraska in 2016 and 2017; the record does not establish Garvin's domicile. Victoria's father and stepmother are Kirsten's grandparents, and they live in North Dakota.

Victoria and Garvin were divorced in North Dakota, the proceedings of which "started" in 2009. In 2012, Victoria and Kirsten moved to Nebraska. Victoria subsequently married John. Victoria, John, and Kirsten continued to live in Nebraska.

In the summer of 2016, Kirsten went to North Dakota to spend a week with her grandparents. While in North Dakota, Kirsten disclosed that she had been sexually abused by John. After receiving the report of possible abuse, and having Kirsten interviewed (during which she also apparently disclosed physical abuse by John and Victoria), the State of North Dakota initially filed for emergency custody, and later, a "deprivation" petition was filed. Kirsten has remained with her grandparents ever since.

- 912 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

North Dakota Proceedings

Although we do not have any of the initial court pleadings or orders from North Dakota, testimony from an April 2017 North Dakota hearing was received into evidence in the current Nebraska case. We briefly summarize that testimony. North Dakota entered an emergency custody order in August 2016. The "venue [got] changed" to Nebraska in October. Nebraska apparently filed juvenile proceedings, but the proceedings were dismissed by the State in February 2017 before it went to "trial." Victoria then went to North Dakota to get Kirsten, but because there were still concerns about Kirsten's safety, another emergency custody order was obtained in North Dakota, and a "deprivation" petition was filed.

After a hearing in April 2017, the Foster County Juvenile Court in North Dakota entered its order in May. The court found that competent evidence regarding the sexual abuse allegations was not presented to the court, noting that a forensic interview of Kirsten was done but the interviewer did not testify. The court also noted that although there were allegations of corporal punishment being used in the home, Victoria testified that she had abandoned "spanking" as a form of discipline and that she now used "time outs and restriction of privileges." However, the court found Kirsten was a "deprived" child, in that she was a child "without proper parental care, control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals and the deprivation is not due primarily to the lack of financial means of the parent or custodian of the child." That finding was made to allow Kirsten time to finish the current school year and complete or transfer therapy to Nebraska. The court ordered that

> pending further order, the child, Kirsten . . . , be and is hereby placed under the full care, custody, and control of the Executive Director of Foster County Social Services, or her successor, for placement and care, for a period dating from February 13, 2017 until July 1st, 2017 when

- 913 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

she shall be returned to [Victoria's] home in Nebraska
. . . and the petitions will be dismissed.

The Foster County Juvenile Court's May order was received
into evidence in the current Nebraska juvenile court proceeding.

### Current Nebraska Case

On June 16, 2017, the State of Nebraska filed a juvenile
court petition in the county court for Box Butte County, sitting
as a juvenile court, alleging that Kirsten was a child as defined
by Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016), because
she lacked proper parental care by reason of the faults or hab-
its of Victoria in that Victoria failed to protect Kirsten from
sexual abuse while in her care, custody, and control and in that
Victoria failed to report child abuse reported to her by Kirsten.
The State further alleged that Kirsten was in a situation danger-
ous to life or limb or injurious to her health or morals, in that
Kirsten was sexually abused while in Victoria's care, custody,
and control; Victoria engaged in acts toward Kirsten that would
constitute physical and/or mental abuse; and Victoria sought to
destroy or tamper with evidence regarding the alleged sexual
abuse of Kirsten by John. The juvenile petition noted that
Kirsten was living with her grandparents in North Dakota, but
did not mention that there was an ongoing juvenile case in
North Dakota.

Also on June 16, 2017, the State filed an ex parte motion
for temporary custody of Kirsten, which attached and incor-
porated the supporting affidavit of an investigator with the
Nebraska Attorney General's office. The ex parte motion for
temporary custody also failed to mention the ongoing North
Dakota case, but the "pending juvenile case in North Dakota"
was mentioned in the supporting affidavit. On June 17, the
court granted the State's ex parte motion for temporary cus-
tody of Kirsten.

An order filed on June 22, 2017, notes that a protective cus-
tody hearing was held and that Kirsten was to be placed into
the temporary custody of DHHS; the hearing does not appear

- 914 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

in our record. The court ordered that "[a]ny communication or contact between Kirsten and [Victoria] will only occur if Kirst[e]n agrees, and must be supervised and in a therapeutic setting."

On July 17, 2017, Victoria filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112 for lack of subject matter jurisdiction. Victoria alleged:

> 1. At the time Petition was filed in the above-captioned case, [Kirsten] was not present in the State of Nebraska;
>
> 2. [Kirsten] is not present in the State of Nebraska as of the date hereof;
>
> 3. The Nebraska Supreme Court has held that the State lacks *parens patriae* power to provide the basis for finding jurisdiction over a child where the child is not within the State's borders at the time the petition was filed. *In re Interest of Violet T.*, 286 Neb. 949, 840 N.W.2d 959 (2013)[.]

Also on July 17, 2017, Victoria filed an answer denying the allegations in the petition, and she asserted several affirmative defenses, including the court's lack of jurisdiction over the proceedings.

An order filed on July 27, 2017, states that a hearing was held on Victoria's motion to dismiss and the case was taken under advisement; the hearing does not appear in our record. In an order filed on July 31, the court found there was insufficient evidence adduced at the July 27 hearing in order to decide the motion. The court stated, "What is unknown, or unclear, is whether North Dakota has adopted the [Uniform Child Custody Jurisdiction and Enforcement Act], if so, the specific statutory basis for the Foster County, North Dakota Juvenile Court's jurisdiction over Kirsten . . . and how long Kirsten was in North Dakota before the North Dakota petition was filed." The court overruled Victoria's motion to dismiss, but said the motion could be renewed and more evidence adduced.

- 915 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

On August 10, 2017, a hearing was held on Victoria's motion for change of placement, filed on July 18, which had asked the court to place Kirsten in her home or another suitable place in Scottsbluff, Nebraska. The court treated the hearing as an initial detention hearing, and testimony was given. In its order filed that same day, the court found that reasonable efforts had been made to prevent or eliminate the need for removal and make it possible for Kirsten to safely return home, but that it was necessary for her to be placed in the custody of DHHS. The court further found that placement with her grandparents in North Dakota was the least restrictive placement and in Kirsten's best interests. The court stated: "Reasonable visitation to be determined by DHHS[.] Further visitation conditions are: To be determined by Kirsten and her therapist . . . and should begin in a therapeutic setting." Victoria's motion for change of placement was denied.

On August 17, 2017, the State filed an amended juvenile court petition, once again alleging that Kirsten was a child as defined by § 43-247(3)(a). The allegations in the amended petition varied from those in the original petition. The amended petition did not include an allegation that Victoria failed to report child abuse reported to her by Kirsten. But it added an allegation that Victoria continued to sustain a relationship with John and other individuals whose relationships and proximity to Victoria were dangerous to the health or morals of Kirsten. It also added an allegation that Kirsten was in need of specialized treatment, including but not limited to counseling, and that Victoria has refused to facilitate or participate in such treatment.

On August 28, 2017, Victoria filed a renewed motion to dismiss pursuant to § 6-1112 for lack of subject matter jurisdiction, making the same allegations as in her July 17 motion to dismiss. She further alleged that the State of Nebraska lacked jurisdiction over Kirsten under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Neb. Rev. Stat. §§ 43-1226 through 43-1266 (Reissue 2016),

- 916 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

and that the State of North Dakota was actively exercising jurisdiction over Kirsten at the time the petition in this case was filed.

At a hearing on August 31, 2017, the court heard arguments on Victoria's renewed motion to dismiss. Various exhibits had previously been received into evidence at the August 10 hearing; among the exhibits were the bill of exceptions from April hearings in North Dakota, a May order from North Dakota, and a copy of the sections of the North Dakota Century Code regarding the UCCJEA and the Uniform Juvenile Court Act. The court noted that Kirsten had lived in Nebraska for some time prior to her being removed from the home and then placed with her grandparents in North Dakota. The court further noted that at the time the case was originally filed, Victoria lived in Box Butte County, and that she still works there. In its order filed on August 31, the court overruled Victoria's motion to dismiss. The court also overruled a motion in limine filed by Victoria, made discovery orders, and ordered a parenting assessment and psychological evaluation. An adjudication hearing was set for September 21.

Victoria appeals the orders from both August 10 and 31, 2017.

## ASSIGNMENTS OF ERROR

Victoria assigns that the juvenile court erred in (1) overruling her motion to dismiss for lack of subject matter jurisdiction, (2) continuing temporary custody of Kirsten and finding that reasonable efforts were made prior to removal to prevent or eliminate the need for removal and to make it possible for Kirsten to return to her care, (3) finding that Kirsten's placement in North Dakota was the least restrictive placement, and (4) delegating its authority to determine Victoria's visitation rights to DHHS, Kirsten, and Kirsten's counselor.

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile

- 917 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

court's findings. *In re Interest of Dana H.*, 299 Neb. 197, 907 N.W.2d 730 (2018).

[2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Id*.

## ANALYSIS

### JURISDICTION

Victoria asserts that the juvenile court did not have subject matter jurisdiction in this case and should have granted her motion to dismiss.

Generally, a denial of a motion to dismiss is not a final order. *Herman Trust v. Brashear 711 Trust*, 22 Neb. App. 758, 860 N.W.2d 431 (2015). We need not determine whether an exception exists in juvenile proceedings where the motion questions subject matter jurisdiction under the UCCJEA, because the denial of Victoria's motion to dismiss (order filed August 31, 2017) is not the only order being appealed. See *In re Interest of Carmelo G.*, 296 Neb. 805, 896 N.W.2d 902 (2017) (appellate court not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it). In this case, Victoria also appeals from the court's order filed on August 10, which, following what it treated as an initial detention hearing, ordered that Kirsten remain in the custody of DHHS and that her placement with her grandparents in North Dakota continue. Assuming that the court had proper subject matter jurisdiction on August 10, that order would have been a final, appealable order. See *In re Interest of Stephanie H. et al.*, 10 Neb. App. 908, 914, 639 N.W.2d 668, 675 (2002) ("[a]lthough an ex parte temporary detention order keeping a juvenile's custody from his or her parent for a short period of time is not final, an order under Neb. Rev. Stat. § 43-254 (Cum. Supp. 2000) and § 43-247(3)(a) after a hearing which continues to keep a juvenile's custody from the parent pending an adjudication hearing is final and thus appealable").

- 918 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

[3,4] Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action or proceeding before the court and the particular question which it assumes to determine. *In re Interest of Violet T.*, 286 Neb. 949, 840 N.W.2d 459 (2013). Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017). Therefore, although the August 10, 2017, order (continuing custody and placement of Kirsten) would ordinarily be final and appealable, we must still consider whether the juvenile court had subject matter jurisdiction over the proceedings.

Victoria states that at the time the present case was filed on June 16, 2017, "the State of North Dakota was actively exercising jurisdiction" over Kirsten and "made specific orders that the case would remain open until July 1, when Kirsten would return to Victoria's care." Brief for appellant at 14. She claims that on June 16, the juvenile court (in Nebraska) lacked jurisdiction over Kirsten under the UCCJEA. She also claims the State of Nebraska lacked parens patriae power.

We agree that Nebraska could not exercise jurisdiction using its parens patriae power because Kirsten was not present in Nebraska at the time the juvenile proceedings were filed in June 2017, nor anytime thereafter up to and including August 31 when the juvenile court overruled Victoria's motion to dismiss. In *In re Interest of Violet T.*, 286 Neb. at 953, 840 N.W.2d at 463, the Nebraska Supreme Court recalled its previous decisions in which the court stated:

> "'The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the child, but it arises out of the power that every sovereignty possesses as parens patriae to every child *within its borders* to determine its status and the custody that will best meet its needs and wants, and

- 919 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

residence within the state suffices even though the domicile may be in another jurisdiction.'"

(Emphasis in original.) Nebraska could not exercise jurisdiction using parens patriae power.

[5] However, the UCCJEA must also be addressed when determining jurisdiction in all child custody proceedings. See *Watson v. Watson*, 272 Neb. 647, 724 N.W.2d 24 (2006) (stating jurisdiction over child custody proceedings is governed by UCCJEA). The UCCJEA, § 43-1227(4), defines "[c]hild custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear."

We note that in its brief, the State cites to case law determining jurisdiction under the Nebraska Child Custody Jurisdiction Act; however, that act was repealed in 2003, see Laws 2003, L.B. 148, § 105, and is not helpful in our determination of jurisdiction in the instant case.

Both Nebraska and North Dakota have adopted the UCCJEA. See, §§ 43-1226 through 43-1266; N.D. Cent. Code §§ 14-14.1-01 through 14-14.1-37 (2017). For the remainder of this opinion, all the UCCJEA citations will be to the Nebraska statutes unless otherwise noted. Nebraska has determined that the UCCJEA is applicable to juvenile proceedings filed under § 43-247(3)(a). *In re Interest of Maxwell T.*, 15 Neb. App. 47, 57, 721 N.W.2d 676, 686 (2006) (finding that "case brought under § 43-247(3)(a) fits the definition of a '[c]hild custody proceeding' under the UCCJEA, see § 43-1227(4), and that therefore, the UCCJEA is applicable").

The UCCJEA, § 43-1238, addresses initial child custody jurisdiction and provides in relevant part:

(a) Except as otherwise provided in section 43-1241 [temporary emergency jurisdiction], a court of this state

- 920 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

has jurisdiction to make an initial child custody determi-
nation only if:

(1) this state is the home state of the child on the
date of the commencement of the proceeding or was
the home state of the child within six months before the
commencement of the proceeding and the child is absent
from this state but a parent or person acting as a parent
continues to live in this state.

See, also, N.D. Cent. Code § 14-14.1-12. "Initial deter-
mination means the first child custody determination con-
cerning a particular child." § 43-1227(8); N.D. Cent. Code
§ 14-14.1-01(7). A "[c]hild custody determination means a
judgment, decree, or other order of a court providing for the
legal custody, physical custody, or visitation with respect to
a child. The term includes a permanent, temporary, initial,
and modification order." § 43-1227(3); N.D. Cent. Code
§ 14-14.1-01(2). And

[h]ome state means the state in which a child lived with
a parent or a person acting as a parent for at least six
consecutive months immediately before the commence-
ment of a child custody proceeding. In the case of a child
less than six months of age, the term means the state in
which the child lived from birth with any of the persons
mentioned. A period of temporary absence of any of the
mentioned persons is part of the period.

§ 43-1227(7); N.D. Cent. Code § 14-14.1-01(6).

At the April 2017 North Dakota hearing (received into
evidence as exhibit 7 in the Nebraska hearing), Victoria testi-
fied that Kirsten was born in Hawaii in 2007. At some point,
they moved to North Dakota. While in North Dakota, Victoria
"started a divorce" in January 2009; Victoria's father also testi-
fied that Victoria got a divorce from Garvin in North Dakota.
Then, in 2012, Victoria moved to Nebraska. Based on this
testimony, the initial child custody determination concern-
ing Kirsten was made in North Dakota because that is where
at least Kirsten and Victoria were living, and where Victoria

- 921 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

and Garvin were divorced, and although that decree does
not appear in our record, it presumably addressed the legal
and physical custody of Kirsten, as well as visitation rights.
(Victoria's father testified that "it stated in the divorce papers
that if [Garvin] went overseas during the summer, Kirsten
would either go to [Garvin's] parents or us.")

[6] A court which makes an initial child custody deter-
mination (in this case, North Dakota) will have exclusive,
continuing jurisdiction over child custody until certain deter-
minations are made pursuant to § 43-1239. The parties suggest
Kirsten's "home state" status impacts jurisdiction. It is true that
Nebraska would have become Kirsten's home state 6 months
after she and Victoria moved here in 2012. But there is some
question as to whether Nebraska was still Kirsten's home state
at the time the juvenile petition was filed in Box Butte County
in June 2017, given that she had been living in North Dakota
since late July or early August 2016. The parties disagree about
whether Kirsten's time in North Dakota can be considered a
"temporary absence" pursuant to § 43-1227(7). However, as
will be explained below, Kirsten's home state in June 2017
is irrelevant because North Dakota had exclusive, continuing
jurisdiction at the time of the various juvenile court proceed-
ings in 2016 and 2017.

[7] As stated previously, North Dakota made the initial
child custody determination concerning Kirsten in Victoria
and Garvin's divorce. Exclusive and continuing jurisdiction
remains with the court under the UCCJEA either until a deter-
mination is made under § 43-1239(a) or until the court declines
to exercise jurisdiction under § 43-1244 on the basis of being
an inconvenient forum. See *Watson v. Watson*, 272 Neb. 647,
724 N.W.2d 24 (2006). Section 43-1239 states:

　　(a) Except as otherwise provided in section 43-1241
　[temporary emergency jurisdiction], a court of this state
　which has made a child custody determination consistent
　with section 43-1238 [initial child custody determina-
　tion] or 43-1240 [jurisdiction to modify determination]

- 922 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

has exclusive, continuing jurisdiction over the determination until:

(1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

(b) A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 43-1238.

See, also, N.D. Cent. Code § 14-14.1-13 (exclusive, continuing jurisdiction). There is nothing in our record to demonstrate that the North Dakota court made the requisite determination under either subsection (a)(1) or subsection (a)(2) of § 43-1239. Nor is there evidence that the North Dakota court declined to exercise jurisdiction under § 43-1244 on the basis that it was an inconvenient forum. See, also, N.D. Cent. Code § 14-14.1-18 (inconvenient forum).

To the contrary, the North Dakota court affirmatively exercised jurisdiction over Kirsten's custody as evidenced by its May 2017 order. In that order, which was entered after an evidentiary hearing, the North Dakota court found Kirsten came "within the provisions of the Uniform Juvenile Court Act," see N.D. Cent. Code §§ 27-20-01 through 27-20-60 (2016), and was a "deprived" child. See N.D. Cent. Code § 27-20-03(1)(a) (juvenile court has jurisdiction over proceedings in which child alleged to be deprived). The court found Kirsten was a "deprived" child, in that she was a child "without proper parental care, control, subsistence, education as required by law, or other care or control necessary for the child's physical,

- 923 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

mental, or emotional health, or morals and the deprivations is not due primarily to the lack of financial means of the parent or custodian of the child." See N.D. Cent. Code § 27-20-02(8) (defining "'[d]eprived child'"). The May 2017 order of the North Dakota court is similar in effect to a Nebraska juvenile court exercising jurisdiction over a juvenile after finding that the juvenile comes within the meaning of § 43-247(3)(a). The North Dakota court ordered that

> pending further order, the child, Kirsten . . . , be and is hereby placed under the full care, custody, and control of the Executive Director of Foster County Social Services, or her successor, for placement and care, for a period dating from February 13, 2017 until July 1st, 2017 when she shall be returned to [Victoria's] home in Nebraska . . . and the petitions will be dismissed.

Although it appears from its May order that the North Dakota court intended that the juvenile petitions would be dismissed on July 1, there is no evidence in our record that the North Dakota proceedings have, in fact, been dismissed. (We note that at the August 10 hearing in Nebraska, the State's counsel said there was no ongoing case in North Dakota.) See *In re Interest of Lawrence H.*, 16 Neb. App. 246, 743 N.W.2d 91 (2007) (attorney's assertions at trial are not to be treated as evidence). Also at the August 10 hearing, a North Dakota family service specialist testified that her supervisor told her that since the Nebraska court had signed an order on June 17, the North Dakota order was "no longer valid." Despite counsel's and the witness' assertions as to the status of the North Dakota proceedings, there is nothing in our record from the North Dakota court to show that its proceedings have been dismissed.

Notably, at the time the juvenile petition was filed in Nebraska in June 2017, there was an existing proceeding in North Dakota, and as stated previously, North Dakota was properly exercising jurisdiction under the UCCJEA. The UCCJEA has provisions regarding "[s]imultaneous proceedings." See § 43-1243. Section 43-1243 provides in part:

- 924 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

(a) Except as otherwise provided in section 43-1241 [temporary emergency jurisdiction], a court of this state may not exercise its jurisdiction under sections 43-1238 to 43-1247 if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with the Uniform Child Custody Jurisdiction and Enforcement Act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under section 43-1244.

(b) Except as otherwise provided in section 43-1241, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to section 43-1246. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with the act, the court of this state *shall stay its proceeding and communicate with the court of the other state*. If the court of the state having jurisdiction substantially in accordance with the act does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

(Emphasis supplied.) Clearly, under § 43-1243(a), Nebraska could not exercise jurisdiction when the juvenile petition was filed in June 2017, because the North Dakota proceeding had not been terminated or stayed by the North Dakota court on the basis that Nebraska was a more convenient forum under § 43-1244(a). And Nebraska did not comply with § 43-1243(b), which required it, prior to hearing, to stay its juvenile proceeding and communicate with the North Dakota court. The juvenile court acknowledged the lack of communication when, at the August 31 hearing on the motion to dismiss, it said, "What, perhaps, would have been better is if there would have been some communication between the

- 925 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

North Dakota Court and the Nebraska Court. That didn't happen for whatever reason."

We note that the State, in its June 2017 juvenile petition, did not comply with § 43-1246, which required certain information (including knowledge of any other proceeding that could affect the current proceeding) to be contained in the initial pleading or attached affidavit. However, the same day the juvenile petition was filed, the State also filed an ex parte motion for temporary custody. Attached and incorporated into that motion was an affidavit from an investigator with the Nebraska Attorney General's office, and that affidavit made several references to the North Dakota case, including that it was "pending." Accordingly, the juvenile court should have been immediately aware of a potential jurisdiction problem.

We take a moment to make an observation. As stated previously, it appears from its May 2017 order that the North Dakota court intended that the juvenile petitions would be dismissed on July 1. However, there is no evidence in our record that the North Dakota juvenile proceedings were actually dismissed. But even if they were, North Dakota would still have exclusive and continuing jurisdiction under the UCCJEA because it made the initial child custody determination concerning Kirsten in Victoria and Garvin's divorce. And its exclusive and continuing jurisdiction continues either until a determination is made under § 43-1239(a) or until the court declines to exercise jurisdiction under § 43-1244 on the basis of being an inconvenient forum. We note that, among other reasons, the purpose of the UCCJEA is to promote cooperation between courts of other states so that a custody determination can be rendered in a state best suited to decide the case in the interest of the child. See *Carter v. Carter*, 276 Neb. 840, 758 N.W.2d 1 (2008) (setting forth six purposes for which UCCJEA was enacted). In the present matter, it is evident that both North Dakota and Nebraska have an interest in protecting Kirsten. However, without an order or other evidence showing that a determination was made by a

- 926 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KIRSTEN H.
Cite as 25 Neb. App. 909

North Dakota court as discussed above, Nebraska was without jurisdiction over child custody proceedings related to Kirsten under the UCCJEA.

[8-10] Based on the record before us, the North Dakota court had exclusive and continuing jurisdiction of child custody proceedings involving Kirsten when the June 2017 juvenile petition was filed in Box Butte County. North Dakota affirmatively exercised such jurisdiction over Kirsten's custody as evidenced by its May 2017 order. There is nothing in our record to show that the North Dakota court declined jurisdiction on the basis that Nebraska was a more convenient forum. And the Nebraska court failed to comply with § 43-1243(b), once the current juvenile proceedings were commenced. Accordingly, the juvenile court for Box Butte County did not have subject matter jurisdiction under the UCCJEA at the time of its orders on August 10 and 31, 2017. As our Nebraska Supreme Court has stated:

> A court action taken without subject matter jurisdiction is void. A void order is a nullity which cannot constitute a judgment or final order that confers appellate jurisdiction on this court. But an appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.

*In re Interest of Trey H.*, 281 Neb. 760, 766-67, 798 N.W.2d 607, 613 (2011) (determining that because juvenile court's order was void, DHHS had not appealed from final order or judgment; juvenile court's order vacated and appeal dismissed for lack of jurisdiction). Because the juvenile court did not have jurisdiction to issue orders on August 10 and 31, those orders are void. We vacate those orders, dismiss the appeal, and remand the cause to the juvenile court with directions to comply with the UCCJEA, including § 43-1243(b).

For the sake of completeness, we note that the juvenile court of Box Butte County did not have temporary emergency

jurisdiction under § 43-1241, because Kirsten was not "present" in Nebraska. Section 43-1241(a) provides:

A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

The juvenile petition filed on June 16, 2017, specifically states that Kirsten is "[l]iving with" her grandparents in North Dakota. And the affidavit attached to and incorporated into the State's ex parte motion for temporary custody also specifically states that Kirsten "currently resides . . . in . . . North Dakota with her maternal grandparents." Because Kirsten was not "present" in Nebraska, the juvenile court of Box Butte County could not exercise temporary emergency jurisdiction under § 43-1241.

## Remaining Assignments of Error

[11] Because our resolution of the jurisdiction issue is dispositive of this appeal, we cannot address Victoria's remaining assignments of error. When a lower court does not have jurisdiction over the case before it, an appellate court also lacks jurisdiction to review the merits of the claim. *Armour v. L.H.*, 259 Neb. 138, 608 N.W.2d 599 (2000).

## CONCLUSION

For the reasons stated above, we find that the juvenile court of Box Butte County did not have subject matter jurisdiction at the time of its orders on August 10 and 31, 2017, and that therefore, those orders are void. We vacate those orders, dismiss the appeal, and remand the cause with directions to comply with the UCCJEA, including § 43-1243(b).

Orders vacated, appeal dismissed, and
cause remanded with directions.