Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/20/2017 09:13 AM CDT

J.S., appellant, v. Grand Island
Public Schools, appellee.

___ N.W.2d ___

Filed July 28, 2017.    No. S-16-875.

1.  **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2.  **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

3.  **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.

4.  ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

5.  **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

6.  **Jurisdiction: Service of Process: Parties.** The voluntary appearance of a party is equivalent to service of process for purposes of personal jurisdiction.

7.  **Jurisdiction: Words and Phrases.** Personal jurisdiction is the power of a tribunal to subject and bind a particular entity to its decisions.

8.  ____: ____. Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.

9. **Jurisdiction.** Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.

10. **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.

11. \_\_\_\_: \_\_\_\_. A court action taken without subject matter jurisdiction is void.

12. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

13. **Appeal and Error.** The right of appeal in Nebraska is purely statutory.

14. **Statutes: Appeal and Error.** Unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist.

15. **Jurisdiction: Statutes: Appeal and Error.** The requirements of a statute underlying a right to appeal are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action.

16. **Actions: Jurisdiction: Appeal and Error.** Where a district court has statutory authority to review an action, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute.

17. **Administrative Law: Schools and School Districts: Appeal and Error.** Appeals from the district court under the Student Discipline Act are governed by the Administrative Procedure Act.

18. **Administrative Law: Jurisdiction: Appeal and Error.** The filing of the petition and the service of summons are the two actions necessary to establish the jurisdiction of the district court to review the final decision of an administrative agency under the Administrative Procedure Act.

Appeal from the District Court for Hall County: Teresa K. Luther, Judge. Appeal dismissed.

Mitchell C. Stehlik, of Lauritsen, Brownell, Brostrom & Stehlik, P.C., L.L.O., for appellant.

Jeanelle R. Lust and Paul B. Donahue, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Funke, J.

## NATURE OF CASE

This case concerns a 15-day suspension of a student for a post made on a social media website from her home that, in part, caused a substantial disruption at her school. The superintendent and the school board each upheld the suspension. On appeal under the Student Discipline Act, Neb. Rev. Stat. § 79-254 et seq. (Reissue 2014), the Hall County District Court affirmed, finding the suspension did not exceed the authority provided by §§ 79-264 and 79-267.

## BACKGROUND

On Sunday, April 3, 2016, a group of students from Barr Middle School (Barr), which is part of the Grand Island Public Schools (GIPS), were communicating on a social media website. A post was made anonymously: "Tomorrow gonna be hella fire [fire emoji] be there (School)." This post was followed by another anonymous post: "Don't show up to school tomorrow [gun emoji]." That evening, the Barr administration was notified by the Grand Island Police Department of these anonymous postings.

The following morning, April 4, 2016, extra security was present at the school and the police and Barr staff searched the school for any potential threats. During the morning, the school received over 100 telephone calls from parents concerned about safety. That day, 17 students were checked out of school and four of them remained checked out on April 5.

Police and Barr staff conducted interviews of students to identify who had made the anonymous postings. J.S., a student at Barr, was one of the students interviewed. During her interview, she admitted to making the "hella fire" post. The post with the gun emoji was not made by J.S., and no evidence was uncovered that she had any connection with the

second post. Barr's principal sent J.S. home and suspended her for 15 days.

J.S. requested an administrative hearing to contest her removal, which hearing was held on April 14, 2016.

At the administrative hearing, Barr's principal testified that when he talked with J.S. and her parents on April 4, 2016, she stated that she did not know why she made the post or could not explain it to them. He also stated that J.S.' social media posting was the sole reason for her removal from school and that at the time of J.S.' removal, there were no further threats to the safety of other students by her.

J.S. testified that on Sunday evening, April 3, 2016, she was at home using her cell phone to communicate with other students on a social media website. The context of the discussion, when she made her post, was about skipping school the next day. She explained that "hella fire" means "good" or "cool." Accordingly, she stated that her post was a sarcastic statement that school would be good or cool the next day and that the other students should be there.

After the administrative hearing, the superintendent of GIPS upheld J.S.' suspension. J.S. next appealed to the GIPS board of education (Board). In May 2016, the Board held a hearing and also upheld the suspension.

J.S. timely filed a petition with the district court to appeal the Board's decision. After the filing of the petition, the Board filed a voluntary appearance, under Neb. Rev. Stat. § 25-516.01 (Reissue 2016). Specifically, the voluntary appearance stated, "[GIPS] acknowledges receipt of the [petition], enters its Voluntary Appearance . . . , and waives service of Summons pursuant to Neb. Rev. Stat. § 79-289." The record does not show that the Board was ever served with a copy of the petition.

After a hearing, the court affirmed J.S.' 15-day suspension, stating that it did not exceed the authority provided by §§ 79-264 and 79-267. The court reasoned that J.S.' posting was open to several interpretations, including one of violence,

and that it in fact prompted a posting that could also be considered threatening or violent. Therefore, it found that "[J.S.'] posting on social media set in motion a series of events that cause[d] substantial disruption to the school environment." J.S. appealed.

## ASSIGNMENT OF ERROR

J.S. assigns, restated, that the district court erred in affirming her suspension.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[1]

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[2]

[3,4] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act (APA) may be reversed, vacated, or modified by an appellate court for errors appearing on the record.[3] When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[4]

## ANALYSIS

[5] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine

---

[1] *Medicine Creek v. Middle Republican NRD*, 296 Neb. 1, 892 N.W.2d 74 (2017).

[2] *Estermann v. Bose*, 296 Neb. 228, 892 N.W.2d 857 (2017).

[3] *Medicine Creek, supra* note 1.

[4] *Id.*

whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[5]

On appeal, a show cause order was issued ordering the parties to provide authority to the court showing that the district court obtained subject matter jurisdiction over the matter under § 79-289. GIPS argues that the district court lacked subject matter jurisdiction because a party cannot voluntarily confer subject matter jurisdiction on a court,[6] while J.S. asserts that the Legislature allows courts to acquire subject matter jurisdiction over a party by its compliance with § 25-516.01. Further, J.S. contends that GIPS' voluntary appearance waived summons and acknowledged that it had obtained a copy of the petition, so § 79-289 was satisfied.

[6,7] To support her contention, J.S. points us to § 25-516.01(1), which states that "[t]he voluntary appearance of the party is equivalent to service." However, we have held that the voluntary appearance of a party is equivalent to service of process for purposes of *personal jurisdiction*.[7] Personal jurisdiction is the power of a tribunal to subject and bind a particular entity to its decisions.[8]

[8-11] Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[9] Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or

---

[5] *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017).

[6] *Concordia Teachers College v. Neb. Dept. of Labor*, 252 Neb. 504, 563 N.W.2d 345 (1997).

[7] *Burns v. Burns*, 293 Neb. 633, 879 N.W.2d 375 (2016).

[8] *Abdouch v. Lopez*, 285 Neb. 718, 829 N.W.2d 662 (2013).

[9] *In re Estate of Evertson*, 295 Neb. 301, 889 N.W.2d 73 (2016).

conduct of the parties.[10] Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.[11] A court action taken without subject matter jurisdiction is void.[12]

Section 79-289(1) sets forth that proceedings for review under the Student Discipline Act pursuant to §§ 79-288 to 79-292 shall be instituted by filing a petition in the district court of the county where the action is taken within 30 days after the service of the final decisions by the school board or board of education under §§ 79-286 and 79-287. Further, § 79-289(3) requires that "[s]ummons shall be served as in other actions, except that *a copy of the petition shall be served upon the board together with the summons.*" (Emphasis supplied.)

[12] We have held that in construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[13]

[13-16] The right of appeal in Nebraska is purely statutory.[14] Unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist.[15] The requirements of the statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action.[16] Where a district court has statutory authority to review an action, the district court may

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Concordia Teachers College, supra* note 6.

[14] *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

[15] *Gage Cty. Bd. v. Nebraska Tax Equal. & Rev. Comm.*, 260 Neb. 750, 619 N.W.2d 451 (2000).

[16] *Boone Cty. Bd. v. Nebraska Tax Equal. & Rev. Comm.*, 9 Neb. App. 298, 611 N.W.2d 119 (2000).

acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute.[17]

[17,18] Appeals from the district court under the Student Discipline Act are governed by the APA.[18] The filing of the petition and the service of summons are the two actions necessary to establish the jurisdiction of the district court to review the final decision of an administrative agency under the APA.[19]

In *Concordia Teachers College v. Neb. Dept. of Labor*,[20] we considered an appeal under the APA. In doing so, we reviewed the language of Neb. Rev. Stat. § 84-917(2)(a) (Reissue 1994), which provided in pertinent part:

> Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. . . . Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action.

We held that in giving the statute its plain, ordinary, and popular sense, it was apparent that the Legislature intended that a summons be served within 30 days of the filing of the petition for review as a prerequisite to the exercise by the district court of its jurisdiction over the subject matter on an appeal from an adverse decision of an administrative agency.[21]

The record indicated that the appellant in *Concordia Teachers College* filed an amended petition, but failed to

---

[17] See, *Butler Cty. Sch. Dist. v. Freeholder Petitioners*, 283 Neb. 903, 814 N.W.2d 724 (2012); *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 562 N.W.2d 355 (1997).

[18] *J.P. v. Millard Public Schools*, 285 Neb. 890, 830 N.W.2d 453 (2013).

[19] *Essman, supra* note 17.

[20] *Concordia Teachers College, supra* note 6.

[21] *Id.*

serve the summons within 30 days and served it on the wrong entity. We determined that the appellant failed to invoke the subject matter jurisdiction of the district court.[22] As a result, the district court did not acquire authority to review a labor commissioner's ruling under the APA.[23]

Similarly, in the instant case, the record indicates that J.S. timely filed her petition with the district court. However, she failed to serve a summons and a copy of the petition upon the Board. As a result, only one of the two actions required by § 79-289 was accomplished. J.S.' failure to comply with the statutory requirements prevented the district court from obtaining subject matter jurisdiction, and as a result, its decision was void.

## CONCLUSION

J.S. failed to seek district court review in the mode and manner provided by statute. By failing to serve the summons and a copy of the petition upon the Board, she failed to timely petition for review. The district court lacked subject matter jurisdiction under the Student Discipline Act. We likewise lack subject matter jurisdiction, and we dismiss J.S.' appeal for lack of jurisdiction.

APPEAL DISMISSED.

---

[22] *Id.*

[23] *Id.*