Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/12/2019 09:08 AM CDT

- 81 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
LEON V. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 81

Leon V. and Cristy V. on behalf of Paige V.,
a minor child, appellees, v. Nebraska
Department of Health and Human
Services et al., appellants.

___ N.W.2d ___

Filed January 18, 2019.    No. S-18-197.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.
2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Judgments: Appeal and Error.** An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings.
4. **Administrative Law: Judgments: Statutes: Appeal and Error.** To the extent that the meaning and interpretation of statutes and regulations are involved, an appellate court decides such questions of law independently of the decision made by the court below.
5. **Administrative Law: Statutes.** Properly adopted and filed agency regulations have the effect of statutory law.
6. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

Appeal from the District Court for Lancaster County: Susan I. Strong, Judge. Affirmed in part, and in part reversed and remanded with directions.

Douglas J. Peterson, Attorney General, and Ryan C. Gilbride for appellants.

Ann C. Mangiameli and Joanna Uden, Senior Certified Law Student, of Legal Aid of Nebraska, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg JJ.

Miller-Lerman, J.

## NATURE OF CASE

Because the Nebraska Department of Health and Human Services (DHHS) found that Paige V.'s gastrointestinal impairments would not last for at least 12 months, it determined that Paige was ineligible for Medicaid funding through the Nebraska Medicaid Assistance Program and hence ineligible for "assistance to the aged, blind, or disabled" (AABD) Medicaid waiver services. See Neb. Rev. Stat. § 68-1001 et seq. (Reissue 2018). Leon V. and Cristy V., on behalf of their minor child Paige, sought review by the district court for Lancaster County under the Administrative Procedure Act (APA). The district court found that the evidence showed that Paige was disabled for purposes of determining Medicaid benefits. The district court reversed the DHHS order and remanded the matter with directions to award Paige AABD waiver services and reimburse Leon and Cristy for medical expenses. DHHS and two of its officers, in their official capacities, appeal. Although they do not dispute the finding that Paige was disabled for determining Medicaid eligibility, they claim that the district court erred in its instructions on remand when it directed DHHS to award Medicaid waiver services and retroactive medical expenses. We affirm that portion of the order of the district court which found that Paige is disabled, but because we find error in the scope of the remand, we reverse the district court's order of remand, and we remand the matter with directions on further proceedings.

## STATEMENT OF FACTS

Leon and Cristy, on behalf of their minor child Paige, applied for Medicaid on October 27, 2016. Knowing that Paige would be ineligible for Medicaid due to their household income, Leon and Cristy requested AABD on November 4. Paige was 12 years old at the time of the application. In 2016, due to a serious gastrointestinal medical condition, Paige was hospitalized several times and underwent surgeries.

DHHS made a disability determination in which it concluded that Paige would not be sick long enough to meet the 12-month disability durational requirement and denied the application. Leon and Cristy requested an administrative hearing regarding Paige's disability determination. Following the hearing, DHHS issued a written decision on April 12, 2017, in which it found that Paige's impairments would not last for at least 12 months and affirmed the denial.

Leon and Cristy sought review of the disability determination by the district court under the APA. In its January 30, 2018, order, the district court found that Leon and Cristy had established by a preponderance of the evidence that Paige met the requirement for a qualifying impairment expected to last for at least 12 months and was therefore disabled under applicable regulations. The district court reversed the April 12, 2017, order of DHHS and remanded the cause "with directions to award [Leon and Cristy] AABD Medicaid [w]aiver [s]ervices and reimburse [Leon and Cristy] for medical expenses which should have been covered on and after October 1, 2016." In its order, the district court denied Leon and Cristy's request for attorney fees, from which denial no appeal has been taken.

DHHS and its officers appeal.

## ASSIGNMENT OF ERROR

Although DHHS and its officers do not contest the district court's finding of disability and medical eligibility, they claim that the district court erred when it remanded with directions to DHHS to award Paige Medicaid waiver services and retroactive medical expenses.

- 84 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
LEON V. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 81

## STANDARDS OF REVIEW

[1-3] A judgment or final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017). When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Lingenfelter v. Lower Elkhorn NRD*, 294 Neb. 46, 881 N.W.2d 892 (2016).

[4] To the extent that the meaning and interpretation of statutes and regulations are involved, an appellate court decides such questions of law independently of the decision made by the court below. See *Melanie M. v. Winterer*, 290 Neb. 764, 862 N.W.2d 76 (2015).

## ANALYSIS

At the outset, DHHS and its officers note on appeal that there is a distinction between eligibility for Medicaid and eligibility for receipt of AABD Medicaid waiver services. They assert generally that this distinction was overlooked by the district court, leading it to exceed the proper scope of its order of remand. On appeal, they contend specifically that because additional criteria must be satisfied before Paige is eligible for or could receive AABD Medicaid waiver services, they cannot comply with the district court's directions on remand as a matter of law. We agree.

*Relevant Regulations.*

AABD services are administered by DHHS and consist of money payments to, medical care in behalf of, or any type of remedial care in behalf of needy individuals. See § 68-1001. In

a recent case, we have described Medicaid waiver services as intended for clients who are at a nursing-home level of care but choose to receive home and community-based services. *Merie B. on behalf of Brayden O. v. State*, 290 Neb. 919, 863 N.W.2d 171 (2015).

[5,6] DHHS promulgates rules and regulations providing for services to AABD clients. § 68-1001.01. Properly adopted and filed agency regulations have the effect of statutory law. *Merie B. on behalf of Brayden O. v. State, supra*. When an appeal calls for statutory or regulatory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. See *id*. Statutory language is to be given its plain and ordinary meaning, and we will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Merie B. on behalf of Brayden O. v. State, supra*.

The provisions of 480 Neb. Admin. Code, ch. 5 (1998), are applicable to this case. Under the regulations, Medicaid waiver services are provided statewide to eligible clients for whom a slot is available. 480 Neb. Admin. Code, ch. 5, § 002. Under § 002, to be eligible for waiver services, clients must

> 1. Be eligible for the Nebraska Medical Assistance Program (NMAP);
>
> 2. Have participated in an assessment with a services coordinator;
>
> 3. Meet the Nursing Facility (NF) level of care criteria (471 NAC 12-000);
>
> 4. Have care needs which could be met through waiver services at a cost that does not exceed the cap; and
>
> 5. Have received an explanation of NF services and waiver services and elected to receive waiver services.

The regulations contained in 480 Neb. Admin. Code, ch. 5, § 003.B, and other regulations anticipate that a sequence of various events occur prior to becoming eligible for Medicaid waiver services. For example, § 003.B4(c) provides that a

- 86 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
LEON V. v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 302 Neb. 81

"child's waiver eligibility period may begin no earlier that the date of the guardian's signature on the consent form" and the "waiver consent form is not valid . . . until the child's eligibility for Medicaid has been determined." Thus, to the extent that Leon and Cristy contend that the regulations require simultaneous eligibility determinations, we do not agree, and in any event, the parties agree that not all criteria in 480 Neb. Admin. Code, ch. 5, § 002 et seq., have been achieved. However, to the extent that Leon and Cristy assert that an ultimate award of waiver services may be retroactive, the appellate briefing of DHHS and its officers appears to agree.

*DHHS Cannot Provide Medicaid Waiver
Services Based Solely on Determination
of Eligibility for Medicaid.*

The district court conducted a limited review of the DHHS determination that Paige was not disabled for purposes of eligibility for Medicaid. Based on the evidence and the law, the district court found that Paige satisfied the first requirement of 480 Neb. Admin. Code, ch. 5, § 002, i.e., that she was eligible for Medicaid. We find no error in this district court finding. Due to the issue raised in the appeal, however, the district court's review was limited in scope; it did not make a determination as to the satisfaction of the remaining criteria contained in § 002. The only issue on review from DHHS was whether Paige had a qualifying disability. Nevertheless, in its order, the district court remanded the matter to DHHS with directions to award Leon and Cristy full AABD Medicaid waiver services.

We agree with DHHS and its officers that under § 002, Medicaid "waiver" services is a term of art, defined at 480 Neb. Admin. Code, ch. 5, § 001.E, and that eligibility for Medicaid does not equate to eligibility for Medicaid waiver services. With respect to the criteria in § 002 et seq., there is no evidence in the record of a services coordinator assessment, a plan of services, a signed consent form, or evidence

that a waiver slot was available for Paige which would have enabled DHHS to provide Paige with appropriate and individualized waiver services. The district court's instruction on remand appears to assume that Paige and the facts met the additional criteria in § 002 et seq., with neither proceedings nor evidence to this effect. Because the district court's order on remand exceeded the record and the scope of its review, we reverse the portion of the order directing payment of Medicaid waiver services.

## CONCLUSION

Because the only issue presented in the district court for its review under the APA was whether Paige's disability made her eligible for Medicaid, the district court exceeded its scope of review when it determined that Paige was eligible for Medicaid waiver services. We affirm the decision of the district court with regard to its disability determination, but reverse the district court's order of remand which awarded Medicaid waiver services. The district court is directed to remand the cause to DHHS for further proceedings whereupon Leon and Cristy may complete waiver forms and steps required by Nebraska law to receive payment for an eligibility period.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.