Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/07/2021 08:12 AM CDT

Brooke B. Hogan, appellant, v.
Nicholas T. Hogan, appellee.

___ N.W.2d ___

Filed February 12, 2021.    No. S-20-254.

1. **Child Custody: Jurisdiction: Appeal and Error.** The question whether jurisdiction should be exercised under the Uniform Child Custody Jurisdiction and Enforcement Act is entrusted to the discretion of the trial court and is reviewed by an appellate court de novo on the record for abuse of discretion.

2. ____: ____: ____. In considering whether jurisdiction exists under the Uniform Child Custody Jurisdiction and Enforcement Act, a jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires an appellate court to reach a conclusion independent from the trial court.

3. **Divorce: Judgments: Appeal and Error.** The meaning of a divorce decree presents a question of law, in connection with which an appellate court reaches a conclusion independent of the determination reached by the court below.

4. **Child Custody: Jurisdiction.** Jurisdiction over a child custody proceeding with interstate implications, including one seeking to modify a child custody decision, is governed exclusively by the Uniform Child Custody Jurisdiction and Enforcement Act.

5. ____: ____. Under the Uniform Child Custody Jurisdiction and Enforcement Act, Neb. Rev. Stat. § 43-1239 (Reissue 2016), a state's exclusive and continuing jurisdiction is relinquished when both parties and the children no longer reside in the state.

6. **Jurisdiction: Service of Process.** A voluntary appearance of a party is equivalent to service of process for purposes of personal jurisdiction.

7. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.

8. **Jurisdiction.** Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.

9. **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.

10. ____: ____. A court action taken without subject matter jurisdiction is void.

Appeal from the District Court for Douglas County: Gary B. Randall, Judge. Affirmed.

Andrea L. McChesney, of McChesney Family Law Office, for appellant.

Dennis G. Whelan, of Slowiaczek Albers, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Brooke B. Hogan, appellant, and Nicholas T. Hogan, appellee, were divorced in February 2019, in Douglas County, Nebraska. Several months after the decree and parenting plan were entered, Brooke and Nicholas jointly sought permission to move from Nebraska to Arizona, and the district court entered an order modifying the parties' parenting plan accordingly. The parties and the children moved to Arizona. Later the same year, Brooke initiated the present matter when she filed a complaint in the Douglas County District Court to modify the decree and parenting plan, with the ultimate objective of allowing her to move, with the parties' children, back to Nebraska. Nicholas moved to dismiss Brooke's complaint to modify the decree, claiming that under Neb. Rev. Stat. § 43-1239(a)(2) (Reissue 2016), of Nebraska's Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the district court lacked subject matter jurisdiction because the

parties and children no longer resided in Nebraska. The district court determined that the parties and children did not reside in Nebraska, that it lacked continuing exclusive jurisdiction over the child custody determination, and that proper jurisdiction of the current issue is with Arizona. The district court dismissed Brooke's complaint to modify. Brooke appeals. We conclude that the district court's jurisdictional ruling was proper and, in so doing, make no comment on the merits of Brooke's complaint to modify. We affirm.

## STATEMENT OF FACTS

On February 4, 2019, the district court entered a decree of dissolution of marriage and a parenting plan, which awarded the parties joint legal and physical custody of their minor children, subject to parenting time set forth in the parenting plan.

In April 2019, the parties filed a joint complaint to modify the decree and parenting plan to allow them to move with the children from Nebraska to Arizona. The district court entered the stipulated order. Each party subsequently purchased a home in the Phoenix area, and they moved to Arizona. By the time the children started the school year on August 15, Brooke, Nicholas, and the children were residing in Arizona.

On October 22, 2019, Brooke filed a complaint to modify in the Douglas County District Court, seeking a modification of the parenting plan with the ultimate objective of gaining permission to return with the children to Nebraska. In support of her motion, Brooke stated that she and the children had encountered problems transitioning to living in Arizona. She asserted that she and the children have no friends or family in Arizona and struggled to find safe housing and appropriate schools.

On October 25, 2019, Nicholas entered a voluntary appearance and, on October 30, filed a motion to dismiss the complaint to modify on the basis that the Nebraska court lacked subject matter jurisdiction under § 43-1239(a)(2). Section 43-1239 provides, in relevant part:

[A] court of this state which has made a child custody determination consistent with section 43-1238 or 43-1240 has exclusive, continuing jurisdiction over the determination until . . . (2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

Brooke claimed that Nebraska retained continuing exclusive jurisdiction because it continued to be the residence, place of domicile, and home state of the children within 6 months before the commencement of the complaint to modify. In support of her claim, she asserted that during the 6 months prior to her complaint, the parties continued to own homes in Nebraska, they had driver's licenses and registered vehicles in Nebraska, they maintained voter's rights in Nebraska, and the children were seen by doctors and dentists in Nebraska. However, she admitted that by August 2019, the parties resided in Arizona.

Nicholas noted that under § 43-1239(a)(2), because neither the parties nor the children resided in Nebraska when Brooke filed her complaint to modify, jurisdiction was proper in Arizona.

Following a hearing, the district court determined that because the parties and the children resided in Arizona when Brooke filed her complaint, Nebraska should relinquish exclusive continuing jurisdiction over modifications to the child custody determination. The court specifically noted that Brooke had stipulated to an order approximately 5 months before, showing the parties' intention to move to Arizona and remain there with the minor children, which order was not appealed. The district court noted that it had conferred with the Maricopa County Superior Court of Arizona to review factors of the UCCJEA and determined that jurisdiction was appropriate in Arizona. On January 9, 2020, the district court granted Nicholas' motion to dismiss for lack of continuing exclusive jurisdiction under § 43-1239(a)(2) and dismissed Brooke's

complaint to modify. Brooke unsuccessfully filed a motion to reconsider.

Brooke appeals.

## ASSIGNMENTS OF ERROR

Brooke assigns, summarized and restated, that the district court erred when it dismissed her complaint to modify the decree. She specifically claimed that Nebraska had exclusive continuing jurisdiction (1) under § 43-1239(a)(1) and, further, (2) because Nicholas conferred jurisdiction on the district court.

## STANDARDS OF REVIEW

[1] The question whether jurisdiction should be exercised under the UCCJEA is entrusted to the discretion of the trial court and is reviewed by an appellate court de novo on the record for abuse of discretion. *In re Guardianship of S.T.*, 300 Neb. 72, 912 N.W.2d 262 (2018).

[2] In considering whether jurisdiction exists under the UCCJEA, a jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires an appellate court to reach a conclusion independent from the trial court. *In re Guardianship of S.T., supra*.

[3] The meaning of a divorce decree presents a question of law, in connection with which an appellate court reaches a conclusion independent of the determination reached by the court below. *Braun v. Braun*, 306 Neb. 890, 947 N.W.2d 694 (2020).

## ANALYSIS

Brooke contends that the district court retained continuing exclusive jurisdiction to make child custody determinations and that it erred when it granted Nicholas' motion to dismiss and dismissed her complaint to modify the parenting plan. She specifically claimed that (1) due to connections to Nebraska, § 43-1239(a)(1) vested the district court with

continuing exclusive jurisdiction, and (2) Nicholas conferred jurisdiction on the district court by making a voluntary appearance and by agreeing to application of Nebraska law. We reject these arguments.

*§ 43-1239 Analysis.*

[4] Jurisdiction over a child custody proceeding with interstate implications, including one seeking to modify a child custody decision, is governed exclusively by the UCCJEA. See *In re Guardianship of S.T., supra*. The purposes of the UCCJEA are to avoid interstate jurisdictional competition and conflict in child custody matters, to promote cooperation between courts of other states so that a custody determination can be rendered in a state best suited to decide the case in the interest of the child, to discourage the use of the interstate system for continuing custody controversies, to deter child abductions, to avoid relitigation of custody issues, and to facilitate enforcement of custody orders. *Watson v. Watson*, 272 Neb. 647, 724 N.W.2d 24 (2006).

A Nebraska court which made an initial custody determination applies § 43-1239 to determine whether it has continuing exclusive jurisdiction to modify child custody. Section 43-1239 provides as follows:

(a) Except as otherwise provided in section 43-1241, a court of this state which has made a child custody determination consistent with section 43-1238 or 43-1240 has exclusive, continuing jurisdiction over the determination until:

(1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

(b) A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 43-1238.

[5] Here, because neither the parties nor the children resided in Nebraska at the time of Brooke's filing, the district court did not err when it found that under § 43-1239(a)(2), Nebraska no longer possessed exclusive, continuing jurisdiction. This is because when the children and the parents have moved away from the issuing state, the issuing state no longer meets the jurisdictional prerequisites of § 43-1239(a). Such was the case here. Nebraska's exclusive and continuing jurisdiction was relinquished because both parties and the children no longer reside in the state. See, *Watson v. Watson, supra*; § 43-1239(a)(2). The record was undisputed that Brooke, Nicholas, and the children resided in Arizona by August 2019.

Brooke made several arguments that their move was so recent that the parties retained a "significant connection" to Nebraska and that, hence, Nebraska retained jurisdiction under § 43-1239(a)(1). In contrast, relying on § 43-1239(a)(2), Nicholas argued that because the parties and children had moved to Arizona, the Nebraska court was no longer the exclusive forum. We agree with Nicholas, as did the district court. The statute is constructed such that jurisdiction may be relinquished based on *either* § 43-1239(a)(1) or § 43-1239(a)(2). Even assuming that Nebraska could maintain continuing jurisdiction over the child custody determination under § 43-1239(a)(1), the court did not err when it determined it had lost exclusivity under § 43-1239(a)(2). This assignment of error is without merit.

*Subject Matter Jurisdiction.*

Brooke next contends that Nicholas conferred subject matter jurisdiction on the district court by filing a voluntary appearance and, in addition, that he acquiesced to proceedings in Nebraska when he agreed to application of Nebraska law in

the parties' modified stipulated decree and parenting plan. It is axiomatic that parties cannot confer subject matter jurisdiction upon a judicial tribunal by consent, and we find no merit to this argument.

[6-10] A voluntary appearance of a party is equivalent to service of process for purposes of personal jurisdiction. See *Johnson v. Johnson*, 282 Neb. 42, 803 N.W.2d 420 (2011). Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017). Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. *Id*. Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *Id*. A court action taken without subject matter jurisdiction is void. *Id*.

As we understand Brooke's argument, she asks this court to ignore the UCCJEA and instead conclude that Nicholas' voluntary appearance created exclusive subject matter jurisdiction in the district court for Douglas County. Based on the propositions outlined above, this argument fails.

Brooke also claims that Nebraska must retain continuing exclusive jurisdiction because of a provision in the parties' order of modification and attached parenting plan providing that a move to another state would not "in any way alter existing Nebraska law." This argument is also unpersuasive. By applying Nebraska's UCCJEA, the Nebraska court did in fact employ "existing Nebraska law" as anticipated by previous orders. See § 43-1239(a)(2). This argument has no merit.

## CONCLUSION

For the reasons set forth above, Brooke's assignments of error are without merit, and accordingly, we affirm.

Affirmed.